PHILLIP LEE SIMMONS *v.* STATE OF INDIANA.

[No. 473S77. Filed May 14, 1974.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from the denial of a petition for permission to file a belated motion to correct errors

following a denial of appellant's petition filed pursuant to post-conviction remedy Rule 1.

It is the position of the State that the trial court was correct in refusing to permit a belated motion to correct errors for the reason that

> "The ends of justice do not require the allowing of a belated motion to correct errors, where the defendant and his counsel the Public Defender had failed to timely file a motion to correct errors on the adverse ruling by the Court on the Petition for Post Conviction Relief under P.C. Rule 1."

If we would accept the State's factual view of this case, we would concede their conclusion to be correct, for if, in fact, a party has intentionally refused or failed to file a timely motion to correct errors, they, of course, cannot at a later time obtain relief by the filing of a request for permission to file a belated motion to correct errors. However, in the case at bar the record reveals that in 1963 the appellant was charged by indictment with the crime of first degree murder. After first having entered a plea of not guilty, the appellant subsequently appeared in open court and requested permission to withdraw his plea of not guilty and entered a plea of guilty to the offense of second degree murder, which plea was accepted and appellant sentenced accordingly.

On July 6, 1971, the appellant filed his petition for post-conviction relief *pro se*. After receiving the same, the trial court entered an order appointing the State Public Defender as counsel to represent the appellant. On November 16, 1971, the court denied appellant's petition for post-conviction relief and entered its written findings of fact and conclusions of law. The record in this case, including the special findings of fact and conclusions of law by the trial court, failed to reveal that the Public Defender ever appeared in this case in behalf of the appellant prior to the filing of the petition for permission to file a belated motion to correct errors. In the petition for permission to file a belated motion to correct

errors, which petition was made by the Public Defender in behalf of the appellant, the Public Defender assumes full responsibility for the failure to file a timely motion to correct errors. The second and third paragraphs of that petition read as follows:

> "2. The failure to file a timely Motion to Correct Errors was not due to the fault of the petitioner in that he requested his attorney, the State Public Defender, to appeal the decision in this cause several times and that no steps were taken to preserve his right to appeal by filing the necessary Motion to Correct Errors. In support, petitioner submits Exhibits Numbered 1, 2, and 3, attached to this petition showing his requests to the State Public Defender that an appeal be taken on his behalf.

> "3. The petitioner has been diligent in requesting permission to file a Belated Motion to Correct Errors in that he has repeatedly asked that action on an appeal be taken on his behalf as witnessed by Exhibits 2 and 3 attached hereto."

Because of the honesty and candor of the Public Defender in forthrightly assuming the responsibility in this case, it becomes apparent that the appellant had done everything in his power, which was, of course, limited due to his incarceration, to obtain an appeal from the denial of his request for post-conviction relief. The determination as to whether or not such an appeal should be taken has been held to be a matter for judicial determination and not a matter to be delegated to counsel. See *Dixon* v. *State* (1972), 152 Ind. App. 430, 284 N.E.2d 102, 31 Ind. Dec. 393.

This cause, is therefore, remanded to the trial court with instructions to grant appellant's petition for permission to file a belated motion to correct errors.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 310 N.E.2d 872.