HENRY WESLEY COTTINGHAM *v.* STATE OF INDIANA.

[No. 576S152. Filed February 24, 1977.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *K. Richard Payne,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from the denial by the trial court of appellant's petition for permission to file a belated motion to correct errors. The sole assignment of error is that the trial court's action was contrary to law.

The following is the sequence of events which has lead to this appeal. In a trial by the court, Cottingham was found guilty of armed robbery and ordered imprisoned for twenty-five years. On appeal the conviction was affirmed by this Court.[1] In March of 1974, Cottingham filed a petition seeking

---

1. Cottingham v. State, (1973) 261 Ind. 346, 303 N.E.2d 268.

post conviction relief pursuant to Ind. R. P. C. 1. In that petition, it was requested that the State Public Defender be appointed to represent Cottingham. After a hearing in which the State Public Defender represented the petitioner, the petition was denied on July 16, 1974. A petition for permission to file a belated motion to correct errors was filed by the State Public Defender on November 10, 1975, and granted by the trial court on November 20, 1975. The order granting the petition extended the time for filing the belated motion for sixty days to January 20, 1976. When no action was taken by the State Public Defender, this permission was withdrawn on January 26, 1976. A second petition for permission to file a belated motion to correct errors was filed by the Public Defender on February 17, 1976. It is from the denial of this second petition that Cottingham appeals.

The grounds upon which permission to file a belated motion to correct errors is to be granted are threefold:

1. No timely and adequate motion to correct errors has been filed;
2. The failure to file was not due to the fault of the defendant; and
3. The defendant has been diligent in seeking permission to file the belated motion. Ind. R. P. C. 2, § 1; *Brandon* v. *State*, (1976) 264 Ind. 177, 340 N.E.2d 756.

In this instance Cottingham immediately informed the deputy public defender assigned to his case that he wanted to appeal from the denial of his petition for post-conviction relief. No motion to correct errors was ever filed despite Cottingham's request. Cottingham wrote several letters inquiring as to the status of his appeal and urging that one be initiated if it had not already been done.

Finally over one year later a petition seeking permission to file a belated motion to correct errors was filed. The trial court granted the petition thus indicating that Cottingham had met the requirements of Ind. R. P. C. 2.

No further action was then taken on behalf of Cottingham by the State Public Defender for several reasons, none of which can be attributable to Cottingham. In fact, the State Public Defender filed with the second petition an affidavit stating that the delay was entirely her fault.

In an almost identical situation, this Court stated:

"Because of the honesty and candor of the Public Defender in forthrightly assuming the responsibility in this case, it becomes apparent that the appellant had done everything in his power, which was, of course, limited due to his incarceration, to obtain an appeal from the denial of his request for post-conviction relief." *Simmons* v. *State*, (1974) 262 Ind. 30, 310 N.E.2d 872.

The state argues that Cottingham exhibited a lack of diligence because no letters were written after the original permission to file a belated motion to correct errors was granted. A similar argument was rejected in *Brandon* when the state contended that because petitioner's letters were directed toward the wrong remedy, he had not acted diligently. Again we cannot see how the failure of an incarcerated individual to continually correspond with the State Public Defender after making several requests can be interpreted as lack of diligence.

We therefore remand with instructions that Cottingham be permitted to file a belated motion to correct errors.

Givan, C.J., DeBruler and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 360 N.E.2d 189.