WILLIE LEE POWELL v. STATE OF INDIANA.

[No. 277S110. Filed April 5, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Powell was convicted of first-degree murder at the conclusion of a jury trial in the Marion Criminal Court on September 1, 1970. This conviction was affirmed by this court. *Powell* v. *State,* (1970) 254 Ind. 200, 258 N.E.2d 633. In April of 1971, appellant filed petitions for post-conviction relief pursuant to both Ind. R. P. C. 1 and Ind. R. P. C. 2. The relief sought was denied in July of 1971.

The sole question presented for review is whether appellant should have been permitted to file a Belated Motion to Corrct Errors to his denial of post-conviction relief in July, 1971.

The record of this case shows that following the denial of post-conviction relief in July, 1971, appellant Powell filed a *pro se* motion to appeal pursuant to Ind. R. P. C. 1. This was sent to the State Public Defender, along with a letter from the trial court indicating his belief that an appeal was to be prosecuted. However, the State Public Defender took no action, and sent appellant a letter which in essence informed him that his appeal was not meritorious. At that time, the State Public Defender believed that it could follow the procedure outlined in *Anders* v. *California,* (1967) 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, for withdrawing from frivolous appeals. Appellant then made further attempts to obtain post-conviction relief in the state courts by filing *pro se* petitions, which were denied as being repetitive, and for the reason that the proper remedy would be appeal of the original

denial of post-conviction relief. He also filed *pro se* petitions in the Federal District Courts, which were denied for the reason that state remedies had not been exhausted in the absence of an appeal from such denial. Finally, in November of 1976, the State Public Defender filed a Petition for Permission to File Belated Motion to Correct Errors, to the denial of post-conviction relief in July, 1971. Permission to file such belated motion was denied, and it is from this ruling that the present appeal follows.

This state has not permitted the State Public Defender to withdraw from appeals by filing *Anders* v. *California* briefs. Rather, the determination of whether or not such an appeal should be taken has been held to be a matter of judicial determination. *Simmons* v. *State,* (1974) 262 Ind. 30, 310 N.E.2d 872; *Dixon* v. *State,* (1972) 154 Ind. App. 603, 290 N.E.2d 731. Thus on several occasions, this Court has ordered trial courts to allow the filing of belated motions to correct errors when the State Public Defender was at fault for not filing a timely appeal. *Cottingham* v. *State,* (1977) 266 Ind. 64, 360 N.E.2d 189; *Brandon* v. *State,* (1976) 264 Ind. 177, 340 N.E.2d 756; *Simmons* v. *State,* (1974) 262 Ind. 30, 310 N.E.2d 873. Such belated motions are to be granted when: (1) no timely and adequate motion to correct errors has been filed; (2) the failure to file was not due to the fault of the defendant, and; (3) the defendant has been diligent in seeking permission to file the belated motion. Ind. R. P. C. 2 § 1. The record here shows the existence of these requisites. Appellant is thus entitled to file his Belated Motion to Correct Errors.

The judgment of the trial court is reversed, and the cause remanded with instructions that appellant be permitted to file his Belated Motion to Correct Errors.

All Justices concur.

NOTE.—Reported at 374 N.E.2d 495.