THOMAS A. BOYS *v.* STATE OF INDIANA.

[No. 977S724. Filed November 28, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley Wilson,* Deputy Attorney General, for appellee.

PIVARNIK, J.—On May 2, 1940, appellant Boys was convicted of first degree murder by a jury in the Montgomery Circuit Court. Boys was sentenced to life imprisonment. On April 8, 1977, appellant filed a Petition for Permission to File a Belated Motion to Correct Errors pursuant to Ind. R. P.C. 2 § 1. The trial court denied this petition on April 25, 1977, due to appellant's lack of diligence as required by Ind. R. P.C. 2 § 1(c). This appeal presents the issue of whether the denial of appellant's petition was contrary to law.

The record reveals that when appellant was sentenced on May 6, 1940, he was not advised of his right to appeal nor was a motion to correct errors ever filed on his behalf. Thereafter, a period of almost twenty-eight years elapsed during which appellant made no effort to perfect an appeal, although he presumably could have sought relief through a writ of error *coram nobis.* On March 4, 1968, appellant received a letter from the Notre Dame Law School Legal Aid and Defender Association in response to his request for assistance. In a letter from the Association dated March 13, 1968, appellant was advised to contact the State Public Defender in order to obtain a transcript of his trial. Over eighteen months later, appellant wrote a letter to the State Public Defender dated

October 6, 1970, requesting their assistance in obtaining a trial transcript. On November 19, 1970, the Public Defender requested that appellant supply them with certain information. This request was later complied with and on May 6, 1971, the Public Defender wrote to the Montgomery Circuit Court requesting copies of the docket sheet, affidavit, and guilty plea transcript in appellant's case. Inexplicably, no further action was taken until April 8, 1977, when the Ind. R. P.C. 2 petition was filed.

[1, 2] Under Ind. R. P.C. 2 § 1, a defendant is allowed to file a belated motion to correct error where:

"(a)   no timely and adequate motion to correct error was filed for the defendant;

(b)   the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c)   the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

Although a certain amount of the delay between May 6, 1971, and April 8, 1977, must be attributed to the negligence of the Public Defender's office, *Brandon* v. *State,* (1976) 264 Ind. 177, 340 N.E.2d 756, we nevertheless agree with the trial court's conclusion that in light of the lengthy periods of delay reflected in the facts as outlined above, appellant has not shown the diligence required by Ind. R. P.C. 2 § 1 (c). *Compare Powell* v. *State,* (1978) 268 Ind. 134, 374 N.E.2d 495; *Cottingham* v. *State,* (1977) 266 Ind. 64, 360 N.E.2d 189.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 382 N.E.2d 912.