**William E. ZELLERS, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 378S51.**

Supreme Court of Indiana.

May 21, 1979.

Harriette Bailey Conn, Public Defender, Larry A. Landis, Sp. Asst. Public Defender, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Zellers made a plea of guilty to a charge of first-degree murder of his uncle's wife in 1966, and received a sentence of life imprisonment. In 1969, he filed a motion to vacate the judgment and to withdraw his guilty plea contending that he was coerced by police officers into giving an incriminating statement and that he did not receive effective assistance of counsel. On August 15, 1972, following a hearing, the trial court decreed that Zellers' motion was denied. No appeal was taken. Three years later, on October 17, 1975, appellant filed in the trial court a petition for permission to file a belated motion to correct errors addressed to the August 15, 1972 order denying post-conviction relief as the first step in initiating an appeal therefrom. The petition for permission to file the belated motion was denied, and that order was reversed on appeal to this Court and the case remanded for an evidentiary hearing on such petition. *Zellers v. State,* (1977) Ind., 361 N.E.2d 143. On remand, the required hearing was conducted, and a second order denying permission to file the belated motion to correct errors resulted. This is an appeal from that latest decision, and the issue presented for review is whether appellant should have been permitted to file his belated motion.

The process provided by Post Conviction Remedy Rule 2, § 1 is available to the criminal defendant for the purpose of seeking an appeal from a denial of post-conviction relief as well as from a conviction. *Simmons v. State,* (1974) Ind., 310 N.E.2d 872. *Powell v. State,* (1978) Ind., 374 N.E.2d 495. The trial court will permit a defendant to file a belated motion to correct error, pursuant to Ind.R.P.C. 2, § 1, if

"(1) no timely and adequate motion to correct error was filed for the defendant;

"(2) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

"(3) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

In this case following the hearing mandated by us in 1977, in *Zellers v. State, supra,* a successor special judge, Judge Arthur, made his findings of fact and concluded that Zellers had been at fault in failing to file a timely motion to correct errors contesting the court's August 15, 1972 decision, and had not been diligent in requesting permission to file a belated motion to correct errors contesting that decision. Appellant challenges these conclusions of law.

The facts revealed at the hearing and the court's findings are not in dispute. The August 15, 1972 decision adverse to Zellers upon his post-conviction petition was preceded by an evidentiary hearing, and the case taken under advisement. On May 1, 1972, during the period in which the cause remained under advisement, Zellers wrote a letter to the state public defender, his counsel, which was received by the public defender, in which he was understandably perturbed over the inaction in the trial court and in which he requested the public defender to move the case along and appeal from the decision if it turned out adverse to him. Thereafter, from May 1, 1972, until February 18, 1975, appellant personally initiated no contact with his counsel or the trial court with regard to the progress of his case. It is, however, uncontradicted that appellant received no notice from the court or his counsel when, on August 15, 1972, the trial court rendered a decision adverse to him, while it was demonstrated that his counsel did receive notice contemporaneous with such decision. Eleven months after that adverse decision, on July 20, 1973, appellant escaped from custody and was not returned to custody until February 11, 1975, a week before an interview with the public defender on February 18, 1975, at which he first learned of the inaction of the public defender and of the August 15, 1972 ruling that had gone against

him. He then requested that his counsel appeal the ruling. The petition for authority to file the belated motion to correct errors was not filed until October 17, 1975, eight months later, and there was no evidence of any contact between appellant and the public defender from February 18, 1975, to the date that motion was in fact filed with the trial court.

■ We first consider the conclusion of the trial court that Zellers had been at fault in failing to file a timely motion to correct errors. Appellant was required to file a motion to correct errors within sixty days of the trial court's decision on August 15, 1972. Ind.Tr. R. 59. The record is clear that no such motion was filed and that appellant was represented during such period by counsel. With regard to determining whether the failure to file such a timely motion was due to the fault of the defendant, the court properly considers such elements as his awareness or lack of awareness during the sixty-day period following the judgment or decision of his duty to file a motion to correct errors in order to preserve appellate rights, and whether he has obstructed or impeded a timely filing by any act or omission. *Brandon v. State,* (1976) Ind., 340 N.E.2d 756. According to appellant's letter to his counsel on May 1, 1972, appellant was aware of his right to appeal from any adverse decision, was desirous of doing so, and entrusted his counsel with taking the necessary steps to do so. There is, however, no finding or evidence to support a finding that appellant was aware of a legal duty to file a motion within the sixty-day period following August 15, 1972, or that he obstructed or impeded a timely filing. Accordingly, the conclusion reached by the trial court as to fault is not sustained.

■ The trial court concluded that Zellers failed to show that he had been diligent in requesting permission to file a belated motion to correct errors as required by P.C. 2 § 1(c). Appellant was represented at all times herein by the public defender. The burden was upon appellant to show that he maintained that degree of care and atten-

tiveness towards his claim and the progress of it in the court which one might reasonably expect from a party represented by counsel and under the particular circumstances shown. Here, appellant consulted with his lawyer on May 1, 1972, while his case was under advisement in the trial court. He did not thereafter attempt to contact the court or to consult with his counsel with regard to the progress in his case until February 18, 1975. During this period of delay, appellant was either in prison in Indiana or living in Indiana after having escaped custody. It is true that appellant did not receive notice from the trial court or his counsel that his post-conviction petition had been denied. However, it was developed at the hearing that his failure to receive notice of the adverse ruling during the delay was the product of appellant's escape status as well as the neglect of the public defender. The cases previously decided by this Court in which we have found due diligence on the part of a defendant in seeking permission to file a belated motion to correct errors establish that while the care and attentiveness required of the defendant, who is represented by counsel, is not great and may easily be satisfied, it is, nevertheless, existent and appreciable. In *Brandon v. State, supra,* there was a delay of five and one-half years between a conviction and the filing of the petition for permission to file a belated motion. In concluding that the defendant had shown diligence, we noted that he had sought information with regard to the progress of his case during each of the years of the delay period, on occasion, from the trial court as well as the public defender. In *Cottingham v. State,* (1977) Ind., 360 N.E.2d 189, we were faced with a delay of sixteen months between the judgment of the trial court and the filing of the petition for permission to file the belated motion. Several letters were written by the defendant about the case during that period. In *Powell v. State, supra,* a delay of five and one-half years was under consideration. There we found diligence in a *pro se* motion to appeal, a letter from the public defender that an appeal would not be meritorious,

and a series of *pro se* motions in both state and federal courts. By contrast, appellant Zellers made no attempt whatsoever to contact the trial court or his counsel from May 1, 1972, the date of his letter to the public defender, to February 18, 1975, the date he conferred again with the public defender, a period of almost three years. He sought no such contact from the date of the judgment of the trial court on August 15, 1972, until such February 18, 1975 conference, a period of two and one-half years. He sought no such contact from October 15, 1972, the date the time expired for filing a timely motion to correct errors, until the conference with the public defender on February 18, 1975, a period of two years and four months.

■ Appellant has been an adult throughout the progress of this case, and his written and oral expressions before the trial court would indicate a person of ordinary skill and ability. During the years 1969 and 1970, appellant represented himself in court. He personally filed his petition to withdraw his plea of guilty, a motion to strike the state's answer, and later motions and pleadings appertaining thereto. Even after the public defender entered the case on behalf of appellant, he continued to file *pro se* pleadings on his own. Yet, appellant offers no explanation of his total inactivity between May 1, 1972, and February 1, 1975, other than his reliance on the public defender and the absence of notice of the adverse decision rendered on August 15, 1972. Under the circumstances of this case as revealed in the trial court's findings and the record of the proceedings before us, these two factors are insufficient to sustain a conclusion that appellant has been diligent in requesting permission to file a belated motion to correct errors addressed to the denial of post-conviction relief, and, therefore, we sustain the conclusion of the trial court.

Appellant contends that the trial court and this Court are bound by the prior decision in *Zellers v. State, supra,* to permit appellant to file his belated motion, since he proved an entrustment of his appeal rights

 

to his counsel and received no notice of the adverse judgment against him. We would point out in this regard that the evidentiary hearing which we ordered produced new evidence which is material to the element of diligence, and in light thereof this Court has reevaluated all matter in the record material to such element. Our decision today is based thereon.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.