**William E. ZELLERS,
Petitioner-Appellant,**

v.

**Jack DUCKWORTH, Warden, Indiana
State Prison, Respondent-Appellee.**

No. 83–3004.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1984.

Decided May 17, 1985.

Larry A. Landis, Indianapolis, Ind., for petitioner-appellant.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before ESCHBACH and COFFEY, Circuit Judges, and SWYGERT, Senior Circuit Judge.

ESCHBACH, Circuit Judge.

William Zellers appeals the dismissal of his petition for a writ of habeas corpus. The district court concluded that Zellers had failed to establish cause for his failure to appeal the denial of his state-court petition for post-conviction relief, and that the failure to appeal that denial was a procedural default barring review of Zellers's constitutional claims in federal court. We affirm.

### I.

The facts, as stated by the Indiana Supreme Court, *Zellers v. State*, 271 Ind. 22, 389 N.E.2d 299 (1979), are these. Petitioner entered a plea of guilty to a charge of first degree murder in 1966 and received a sentence of life imprisonment. In 1969, he filed a motion to vacate the judgment and withdraw his guilty plea, contending that he was coerced by police officers into giving an incriminating statement and that he did not receive effective assistance of counsel. The trial court took the motion under advisement on January 17, 1971, and on August 15, 1972, the court denied the motion. No appeal was taken. Three years later, on October 17, 1975, petitioner filed in the trial court a petition for permission to file a belated motion to correct errors addressed to the August 15, 1972 order denying post-conviction relief. The petition was denied. On appeal, the Indiana Supreme Court ruled that the petitioner had alleged facts that, if true, would support the filing of a belated motion to correct

errors, and remanded the case to the trial court for an evidentiary hearing. *Zellers v. State*, 266 Ind. 111, 361 N.E.2d 143 (1977).

On remand, a hearing was conducted, and the petition was again denied. The petitioner again appealed, and the Indiana Supreme Court affirmed, 271 Ind. 22, 389 N.E.2d 299 (1979). The Court evaluated petitioner's motion under Indiana Post-Conviction Remedy Rule 2, § 1. Under that rule, the trial court will permit a defendant to file a belated motion to correct errors if

(a) no timely and adequate motion to correct error was filed for the defendant; and

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under [the] rule.

271 Ind. at 24, 389 N.E.2d at 301. The Supreme Court first found that the trial court's conclusion that Zellers had been at fault in failing to file a timely motion to correct errors was not supported. It was undisputed that Zellers had, on May 1, 1972, written his attorney advising her that he desired to appeal any adverse ruling on his motion and requesting that she take any steps necessary to do so. It was also undisputed that Zellers received no notice from the court or his counsel when, on August 15, 1972, the trial court rendered a decision adverse to him, and that his counsel did receive notice. The Indiana Supreme Court noted that Zellers had 60 days after the August 15 adverse ruling in which to appeal, and that "there is no finding or evidence to support a finding that [Zellers] was aware of a legal duty to file a motion within the sixty-day period following August 15, 1972, or that he obstructed or impeded a timely filing." 271 Ind. at 25, 389 N.E.2d at 301.

The Court did sustain the trial court's finding that Zellers had not been diligent in requesting permission to file a belated motion to correct errors as required by the rule. The Court stated that the "burden was upon [Zellers] to show that he maintained that degree of care and attentiveness towards his claim and the progress of it in the court which one might reasonably expect from a party represented by counsel and under the particular circumstances shown." 271 Ind. at 26, 389 N.E.2d at 302. The Court noted that Zellers did not contact his attorney concerning the progress of his case from May 1, 1972 until February 18, 1975. During that period, Zellers was either in prison in Indiana or living in Indiana after having escaped custody. (Zellers escaped from prison on July 20, 1973 and was returned to custody on February 11, 1975.) It developed at the hearing before the trial court that Zellers's failure to receive notice of the August 15, 1972 adverse ruling was due in part to Zellers's status as an escapee. Noting that Zellers had been an adult throughout the pendency of the case, that he was a person of ordinary skill and intelligence, and that he had represented himself during 1969 and 1970, the Court found that Zellers had not met his burden of showing that he had been diligent in filing his petition.

Zellers then filed a petition for a writ of habeas corpus in federal district court. The district court concluded that no evidentiary hearing was necessary. Petitioner claimed in his habeas petition that (1) his due process rights were violated when he entered his guilty plea and (2) he received ineffective assistance of counsel at the time of the plea. Because of the disposition of petitioner's claims by the Indiana Supreme Court, the district court first addressed the issue of whether petitioner's constitutional claims were barred from habeas review under the law of waiver as stated in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The court observed that petitioner had failed to address the required showing of cause and prejudice, other than to claim that he was unaware of the Indiana trial court's adverse ruling on his post-conviction relief petition until after his return to custody. Noting that the time for taking

an appeal had expired before petitioner's escape, the district court found that the petitioner's two and one-half year delay in pursuing an appeal was inexcusable, and dismissed the petition.

## II.

In Indiana, a person convicted of a crime who claims that the conviction was in violation of the United States Constitution may file a motion for post-conviction relief pursuant to Indiana Rules for Post-Conviction Relief, Rule PC 1. This Zellers did in August 1969. In his PC 1 petition, Zellers alleged that he was deprived of effective assistance of counsel at the time of his 1966 guilty plea, and that a confession that induced his plea was the product of police coercion. A hearing on these contentions was held and, after various (sometimes inexplicable) delays, Zellers's petition was denied on August 15, 1972. Zellers then had 60 days in which to appeal the denial, and no timely appeal was filed. Indiana also provides a remedy for those, like Zellers, who fail to take a timely appeal from the denial of their petition for post-conviction relief: they can petition the court for permission to file a belated motion to correct errors pursuant to Rule PC 2. In order to qualify for relief under Rule PC 2, the petitioner must show not only that he was not at fault for failing to take a timely appeal but also that he has been diligent in his request for permission to file a belated motion to correct errors under PC 2. The Indiana Supreme Court found that Zellers met the first of these requirements; that is, he was not at fault for failing to file a timely appeal. It was uncontested that Zellers had requested his attorney in May 1972 to prosecute an appeal in the event of an adverse judgment, and she had simply failed, through negligence, to do so. Moreover, Zellers had received no notice of the denial, and his attorney had. However, the Court found that Zellers could not qualify for relief under PC 2 because he had not been diligent in pursuing that relief. The State argues that Zellers's failure to take a timely appeal from the denial of his PC 1 motion or diligently to seek relief under PC 2 constitutes a procedural default that bars review of petitioner's constitutional claims under the principles announced in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

The petitioner does not argue that the failure to take an appeal, or to request timely relief under Rule PC 2 from the consequences of that failure, does not constitute a procedural default for which he must account before presenting his claims to the federal courts for review on the merits. *See, e.g., Jackson v. Cupp*, 693 F.2d 867 (9th Cir.1982) (failure to appeal denial of post-conviction relief constitutes waiver); *Hammer v. Meachum*, 691 F.2d 958 (10th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983); *Rodgers v. Wyrick*, 621 F.2d 921 (8th Cir. 1980); *United States ex rel. Savino v. Flood*, 482 F.Supp. 228, 237 (E.D.N.Y. 1979). *Cf. United States v. Correa-De Jesus*, 708 F.2d 1283 (7th Cir.) (suggesting that failure to appeal denial of motion to vacate sentence precluded later review of grounds of motion in § 2255 proceeding), *cert. denied*, —— U.S. ——, 104 S.Ct. 530, 78 L.Ed.2d 712 (1983). Nor does petitioner contend that the "cause and actual prejudice" standard of *Wainwright v. Sykes*, *supra*, is inappropriate under the facts of this case. *See Williams v. Duckworth*, 724 F.2d 1439 (7th Cir.) (applying *Wainwright* standard to failure to raise issue in post-conviction proceeding), *cert. denied*, —— U.S. ——, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984); *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983) (en banc) (applying *Wainwright* standard to failure to take direct appeal). Rather, he contends that he has shown the requisite cause for his failure to appeal.

It is uncontested, and the Indiana Supreme Court found, that the reason no timely appeal was filed was because Zellers's attorney failed to file one, although she had been requested to do so. Were this the only reason that the Indiana courts refused to entertain Zellers's appeal, we

might be persuaded that the inexcusable negligence of Zellers's counsel provided cause for the default. *See Clay v. Director, Juvenile Div.*, 749 F.2d 427 (7th Cir.1984). However, Zellers was not barred from appeal merely because he failed to file a timely notice, for the Indiana Supreme Court would still have been willing to entertain an appeal had Zellers been diligent in pursuing relief under Rule PC 2. In fact, the Indiana courts have allowed belated appeals after considerable lengths of time have passed upon a showing that petitioners have diligently sought relief. *See, e.g., Cottingham v. State*, 266 Ind. 64, 360 N.E.2d 189 (1977); *Brandon v. State*, 264 Ind. 177, 340 N.E.2d 756 (1976).

The Indiana Supreme Court found that Zellers made no attempt to contact the trial court or his counsel from May 1, 1972 (the date of his letter to counsel requesting an appeal) until February 18, 1975 (when he conferred again with a public defender), a period of almost three years. Consequently, the Court found that Zellers could not establish his diligence in seeking an appeal under PC 2. Of course, the question whether Zellers has established cause for his failure to seek relief diligently is a question of federal law, *see, e.g., Rodgers v. Wyrick*, 621 F.2d 921, 927 (8th Cir.1980), so the Indiana Supreme Court's finding does not end our inquiry.[1]

Zellers contends that he was entitled to rely on his May 1972 instructions to his attorney to pursue an appeal in the event of an adverse judgment, especially since his attorney—a public defender—was required by law to prosecute an appeal if asked to do so. In effect, Zellers asks us to hold that a prisoner may ignore the progress of his case for almost three years in reliance on an attorney whom he does not again contact. This we decline to do. We need not adopt any per se rule concerning the amount of attention a prisoner represented by counsel must show to the progress of his case to find that complete inattention for a period of almost three years is inexcusable. We can think of no reason in support of the petitioner's position, for to agree with petitioner would be to encourage the sort of neglect and delay illustrated by the instant case.[2] Accordingly, we find that Zellers has not established cause for his procedural default, and so conclude that the district court correctly dismissed Zellers's petition.[3]

### III.

For the reasons stated above, the judgment of the district court is affirmed.

SWYGERT, Senior Circuit Judge, dissenting.

Ineffective assistance of counsel may provide sufficient "cause" for a State procedural default. *Clay v. Director, Juvenile Division, Department of Corrections*, 749 F.2d 427, 430 (7th Cir.1984). Failure to perfect an appeal despite the client's expressed desire to appeal amounts to ineffective assistance of counsel. *Id.* at 431.[1]

---

1. Because the question of cause is federal, we deem irrelevant Zellers's contention that the two opinions of the Indiana Supreme Court contain inconsistent legal conclusions.

2. We also note that Zellers's status as an escapee for the year and one-half preceding his belated attempt to appeal might well account for his inattention to his case. It requires little imagination to conclude that Zellers's failure to contact his attorney or the court during that period was due less to any reliance on his May 1972 request than to his desire to avoid revealing his location.

3. We also note that Zellers made no attempt in the district court to establish actual prejudice.

1. In *Clay*, 749 F.2d at 430–32, we held that a similar failure to perfect an appeal fell below an objective standard of reasonable legal care. In order to state a claim of ineffective assistance, however, it is also necessary to show prejudice. *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The discussion of prejudice for sixth amendment purposes may be merged with the discussion of prejudice for the purposes of the cause and prejudice standard, *infra*. Although the threshold of prejudice is probably greater in the former context, *compare Strickland*, 104 S.Ct. at 2068 (requiring a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") *with Reed v. Ross*, — U.S. —, —, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984) (cause and

Despite Zellers' plea that counsel keep him informed of the progress of his State post-conviction motion and to appeal if the motion were dismissed,[2] Zellers' attorney failed to inform him that his case was dismissed and failed to perfect an appeal. Such ineffective assistance constitutes sufficient cause to excuse Zellers' failure to perfect a direct appeal from the dismissal of his postconviction motion.

The majority focuses on Zellers' failure to perfect a "belated," as opposed to a direct, appeal from the dismissal. But for his counsel's ineffectiveness, Zellers would not have had to pursue a belated appeal. He was entitled to an appeal of right, and the sole reason for his failure to exercise that right was counsel's incompetence. Whether Zellers' failure to perfect a "belated" appeal was in some sense his own fault is therefore irrelevant: he should not have been forced to pursue the extraordinary "belated" procedure in the first place.

Even assuming that it is appropriate to focus on Zellers' failure to perfect a belated appeal, I would hold that he has demonstrated sufficient cause for this failure. To be sure, by failing to contact his lawyer for approximately two-and-one-half years, Zellers personally failed to exercise the diligence necessary to perfect a belated appeal. *See Zellers v. State,* 271 Ind. 22, 389 N.E.2d 299 (1979). But the definition of "cause" is neither rigid nor wholly fault-based. The cause and prejudice standard can only be understood by reference to the underlying policy concerns governing federal habeas jurisdiction and the broad equitable inquiry that must inform the balancing of conflicting policies. *See Reed v. Ross,* — U.S. —, —, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984) (decision whether to exercise federal habeas jurisdiction is a *matter of equitable discretion*). On one side of the balance is Congress' intent to "interpose the federal courts between the States and the people, as the guardians of the people's federal rights"; on the other side are principles of comity. *Id.* No principle of comity requires us to defer to the across-the-board failures of the Indiana criminal justice system to furnish Zellers essential due process rights.

Acting through a variety of agents in a variety of capacities, the State of Indiana consistently flouted the procedures required by both its own law and the federal Constitution. First, Indiana police secured a confession from Zellers after a lengthy interrogation that was not preceded by the necessary *Miranda* warnings.[3] Then Indiana furnished Zellers counsel who, during two brief consultations, failed to explain the elements of the various homicide offenses under Indiana law and did not discuss any possible defenses. Counsel's sole advice was for Zellers to throw himself on the mercy of the court, in the hope of avoiding the death sentence, by pleading guilty to first degree murder; there is no evidence that counsel ever even approached the prosecutor about a possible plea agreement. This failure to ensure Zellers' understanding of the charges against him and his possible defenses rendered his plea

---

prejudice standard met if but for the error, petitioner "might not have been convicted"), for the reasons discussed *infra* at 255–256, I conclude that there is a reasonable probability that but for counsel's incompetence, Zellers would have received a lesser sentence.

2. On May 1, 1972, four months after an evidentiary hearing and three months before his motion was dismissed, Zellers sent the following letter to his appointed public defender:

I was in hopes that I would not have to write and remind you that I'm still waiting for you to do something in my behalf after the last letter. But, it looks like you have forgotten me and the unfinished court proceedings in Knox Circuit Court....

....

I have had this action in the Knox Circuit Court since August 8, 1969, to which I am no further toward an appeal than I was even before I filed this action....

....

I do appreciate the help that you and your office has rendered in my behalf, but do not stop there, don't take me out in the middle of the ocean and leave me swimming alone. I need help in this case.

3. Because the Indiana trial judge failed to issue any findings of fact, this factual assertion and the others to follow must be based on my own independent review of the record.

ineffective as not "knowing and intelligent," *see United States v. Frye*, 738 F.2d 196, 199 (7th Cir.1984), and fell so short of the required reasonable standard of care as to constitute ineffective assistance of counsel, *see Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), as well as malpractice under State law, *see Citizens' Loan, Fund & Savings Ass'n of Bloomington v. Friedley*, 123 Ind. 143, 23 N.E. 1075 (1890) (attorney warrants that he will exhibit ordinary diligence).

When, three years later, Zellers attempted to withdraw his guilty plea in a State collateral proceeding, Indiana furnished Zellers with a public defender who failed to inform Zellers of the progress of his case and failed to perfect a timely direct appeal, in violation of Indiana law. *See Dixon v. State*, 152 Ind.App. 430, 284 N.E.2d 102 (1972) (public defender has duty to take appeal, if requested to do so by the client, even if she believes case to be wholly frivolous). Finally, Indiana provided Zellers with a trial judge who, one and one-half years after hearing evidence, dismissed Zellers' postconviction motion without issuing any findings of fact or conclusions of law. This summary disposition violated required Indiana practice, and was apparently intended as a default judgment in retaliation for both parties' failure to submit proposed findings. *See Zellers v. State*, 266 Ind. 111, 361 N.E.2d 143 (1977).

Having consistently disregarded its own as well as federal procedures, Indiana is hardly in a position to urge this court to defer to the "integrity" of State procedural rules. *Cf. Ross*, —— U.S. at ——, 104 S.Ct. at 2907 (federal habeas court must consider "State's interest in the integrity of its rules and proceedings and the finality of its judgments"). Under these circumstances, the interest in acting as the "guardians of the people's federal rights," *see id.*, seems to outweigh the need, in the interests of comity, to refrain from undermining State procedures that even the State does not take seriously. I would hold, therefore, that the State is estopped to contest Zellers' assertion that he had cause for his failure to perfect a belated appeal.

Having concluded, under two alternative rationales, that Zellers had cause for his State procedural default, it is next necessary to determine whether he was prejudiced by the default. The courts have yet to define exactly what measure and quantum of "prejudice" is necessary to satisfy the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See, e.g., U.S. ex rel. Spurlark v. Wolff*, 699 F.2d 354, 361 (7th Cir.1983) (en banc) (finding no prejudice where asserted error is harmless beyond a reasonable doubt, but not indicating whether such a showing is necessary as well as sufficient); *Ford v. Strickland*, 696 F.2d 804, 817 (11th Cir.1983) (per curiam) (en banc) (prejudice means "actual prejudice," but failing to define "actual prejudice"). In its most recent decision on the subject, however, the Supreme Court has indicated that the burden of showing prejudice is not onerous. In *Ross*, —— U.S. at ——, 104 S.Ct. at 2907, the Court held that sufficient prejudice was shown where it could conclude that but for the asserted underlying error, the petitioner "might not have been convicted" of the crime charged.

In the case at bar, Zellers has introduced sufficient evidence to sustain a finding that his guilty plea was ineffective because he had not knowingly and intelligently waived his right to trial and because the plea was the product of incompetent counsel. Although Zellers has never contested the charge that he killed his aunt, it is unclear what degree of homicide he is guilty of. Even his confession to the police indicates no motive. The presentence report does indicate considerable ill-feeling between Zellers and the decedent. The decedent was Zellers' stepmother. When Zellers' father died, the decedent committed him to a foster home and married his father's brother. Zellers may, then, have a heat-of-passion defense, which would serve to reduce

his crime to voluntary manslaughter, and, in turn, would reduce his sentence from natural life to two to twenty-one years. *See* Burns' Ind.Ann.Stat. § 10–3405 (subsequently repealed). Because, then, Zellers "might" not have been convicted of first-degree murder, but for the asserted error, he has shown sufficient prejudice to justify a hearing on the merits in federal habeas court.

Nearly twenty years after the crime and after sixteen years of litigation, Zellers has yet to receive a hearing and decision on the merits of his constitutional claims.[4] Although two and one-half years of the delay may properly be attributed to his own transgressions, the rest may be attributed to the failure of Indiana to provide competent counsel, responsive trial judges, and speedy justice. Zellers is presently serving a term of natural life pursuant to a guilty plea that may well be defective. I believe Zellers has demonstrated sufficient cause and prejudice independent of his own escape and lack of diligence to merit at least a hearing and decision on the merits after all this time.

I would therefore reverse the district court's dismissal of Zellers' petition for a writ of habeas corpus and would remand for further proceedings.

---

**4.** The Indiana trial court's improper summary dismissal of Zellers' postconviction action without issuing any findings can hardly be considered a decision on the merits.

