931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hugh HEDDEN, Petitioner-Appellant,
v.
Ronald J. HAWS, Warden, Respondent-Appellee.
 No. 90-1828.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided May 3, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Hugh Hedden appeals the dismissal of his habeas corpus petition. The district court rejected most of his habeas claims on waiver grounds, but addressed two issues on the merits. We affirm.
 
 I.
 
 2
 Hedden was convicted in 1983 of the murder of Betty Young, his long-time girlfriend. The cause of death was a shotgun wound to the head. Hedden admitted killing her, but claimed that it occurred accidentally as she approached his car and he moved a hunting rifle from the front seat to the back seat. He claimed that he fled the scene because, in the confusion of the moment, he thought someone else was shooting at them. Hedden later called the sheriff and turned himself in. Witnesses at trial testified about the stormy nature of Young's relationship with Hedden; six weeks before her death she won a restraining order against him. There was also testimony that he had threatened to "blow her head off" and that he had told a friend that either he or Young was going to die. There was further testimony, however, that the firing mechanism of the shotgun in question was "a little loose," having previously fired without warning, and that the couple had reconciled shortly before Young's death.
 
 
 3
 On direct appeal, Hedden raised two issues: (1) sufficiency of the evidence; and (2) prosecutorial misconduct during closing argument. The appellate court rejected these grounds and affirmed the conviction. The Illinois Supreme Court denied leave to appeal. Hedden then filed a post-conviction petition in which he raised three issues: (1) invalid indictment; (2) ineffective assistance of trial and appellate counsel for failing to challenge the indictment; and (3) failure to instruct the jury on voluntary manslaughter. The court summarily denied the petition as frivolous under Ill.Rev.Stat. ch. 38, para. 122-2.1(a)(2). On appeal, Hedden dropped the three substantive grounds and challenged the facially frivolous dismissal provision of paragraph 122. The appellate court affirmed the dismissal of the post-conviction petition and rejected the challenge to the statute.
 
 
 4
 Hedden then filed his habeas corpus petition in federal court. In the petition, he raised the two issues he raised on direct appeal, the three issues he raised in his post-conviction petition, and the following two new issues: (1) defendant's trial counsel rendered ineffective assistance because he was a candidate for State's Attorney during the course of the trial; and (2) the sheriff gave perjured testimony at the grand jury hearing leading up to the indictment. After holding a hearing on the petition, the district court denied Hedden relief. The court held that, except for the two grounds raised on direct appeal, Hedden had waived all other grounds for habeas relief and had failed to demonstrate cause for the default. As to the properly preserved issues, the court held that neither claim had merit.
 
 II.
 
 5
 Only two of Hedden's claims are without procedural difficulty: sufficiency of the evidence, and prosecutorial misconduct. Unfortunately for Hedden, the claims are as straightforward substantively as procedurally. In a sufficiency of the evidence challenge on habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). It is simply impossible to say that there was insufficient evidence under this standard upon which the jury could base its guilty verdict.
 
 
 6
 Hedden's prosecutorial misconduct challenge centers on the prosecutors statement during closing argument that he personally did not believe Hedden's story. The prosecutor argued: "I don't know who you believe, but I know who I believe and I know what I believe, and it's [that he murdered her]." The defense counsel immediately objected to the introduction of this personal opinion. The trial judge sustained the objection and admonished the jury to ignore the prosecutor's remark. To prevail on habeas review, Hedden must prove that the prosecutor's misconduct "made his entire trial unfair--sufficiently unfair to make his conviction a deprivation of liberty without due process." Shaw v. DeRobertis, 755 F.2d 1279, 1281 n. 1 (7th Cir.1985). Hedden does not meet his burden, especially given the sustained objection and curative instruction to the jury.
 
 
 7
 Hedden waived all of the remaining issues either by not raising them on direct appeal, Spurlark v. Wolff, 699 F.2d 354, 356 (7th Cir.1983), or by not raising them on appeal from his post-conviction petition. Zellers v. Duckworth, 763 F.2d 250, 252 (7th Cir.1985). In order to raise these issues, Hedden must demonstrate cause for the default and prejudice resulting therefrom. Spurlark, 699 F.2d at 361; Zellers, 763 F.2d at 252. Although he claimed in the district court that his lack of education constituted sufficient cause for the default,[1] he does not pursue this line of argument on appeal. Instead, Hedden seems to raise the argument that his counsel was ineffective in failing to file his appeal. While ineffective assistance of counsel may, in some circumstances, be cause for default, see Mikel v. Thieret, 887 F.2d 733 (7th Cir.1989), Hedden must allege that his counsel's performance was constitutionally deficient under Strickland v. Washington, 466 U.S. 668 (1984), and he must have exhausted this claim in the state courts. The only ineffectiveness claim that Hedden brought in the state court was that counsel failed to challenge the indictment on direct appeal. This claim was summarily rejected as frivolous in the state court and Hedden provides no basis for challenging the state court's conclusion in this appeal. We therefore do not reach the merits of Hedden's remaining arguments on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Citing Nutall v. Greer, 764 F.2d 462, 464 (7th Cir.1985), the district court rejected this argument and held that inexcusable neglect was an insufficient ground to demonstrate cause