937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick COE, Petitioner-Appellant,
v.
Michael O'LEARY Respondent-Appellee.
 No. 90-3308.
 United States Court of Appeals, Seventh Circuit.
 Argued April 23, 1991.
Decided July 22, 1991.
 
 Before CUMMINGS, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Frederick Coe was convicted of murder and armed robbery and sentenced to 40 years in jail. The Illinois Appellate Court affirmed his conviction, but Coe did not file a petition for leave to appeal to the Illinois Supreme Court. Coe later filed a post-conviction petition in state court, raising the same five grounds for reversal that he raised in his direct appeal. The court denied his petition and, Coe did not appeal to the Illinois Appellate Court.
 
 
 2
 When Coe filed his habeas corpus petition in federal district court, the court informed him that his petition failed to include a discussion of cause and prejudice regarding his two prior failures to appeal. Coe then submitted the following as an amendment to his petition:
 
 
 3
 Following the Illinois Appellate Court's affirming of petitioner's conviction, petitioner was not advised [by appellate counsel] of his right to request leave to appeal to the Illinois Supreme Court....
 
 
 4
 Petitioner's post-conviction petition was filed pro se. Although petitioner requested appointment of counsel, none was provided. On November 20, 1989, petitioner was informed that his post-conviction petition had been dismissed on August 4, 1989. Petitioner was deprived of his opportunity to appeal since he did not receive timely notice of the denial of his post-conviction petition.
 
 
 5
 Focusing solely on Coe's failure to appeal his conviction to the Illinois Supreme Court, the district court denied Coe's habeas petition on three grounds: (1) Coe did not raise ineffective assistance of counsel at any time in the state court and thus could not rely on ineffectiveness as cause for his failures to appeal; (2) since both appeals were discretionary in nature, Coe could not rely on ineffective assistance of counsel to establish cause for failing to take the appeals; and (3) the trial transcript failed to reveal any grounds for habeas relief based on "manifest injustice." Coe now appeals.
 
 I.
 
 6
 "Before a federal court can address the constitutional claims brought in a federal habeas corpus petition, the state courts must have had a full and fair opportunity to review them." Simmons v. Gramley, 915 F.2d 1128, 1131-32 (7th Cir.1990). Failure to raise a claim on appeal, or failure to appeal at all, results in a procedural default. Id. at 1132. A procedurally barred claim "must be dismissed unless the prisoner can show both adequate cause to excuse his failure to raise the claim in state court and actual prejudice resulting from the procedural default." Id. at 1132 (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). Ineffective assistance of counsel which meets the standards established in Strickland v. Washington, 466 U.S. 668 (1984), can constitute cause for procedural default. Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir.1988) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).
 
 
 7
 On appeal, Coe argues that the court erred in holding that he failed to show cause for his procedural default. According to Coe, "the failure of his appellate counsel to advise him of his procedural rights and the consequences of failing to perfect those rights" constituted cause for his default. This court has held that failure of trial counsel to perfect a first appeal as of right may constitute ineffective representation. Clay v. Director, Juvenile Div., Dep't of Corrections, 749 F.2d 427, 431 (7th Cir.1984); see also Simmons, 915 F.2d at 1135 (citing Zellers v. Duckworth, 763 F.2d 250 (7th Cir.1985)). This rule, however, has no direct effect in this case since both of the appeals here were discretionary in nature, not appeals as of right. Thus, as we held in Buelow, that if "there is no constitutional right to counsel to pursue discretionary state appeals," then the habeas petitioner "cannot claim a constitutional deprivation of effective representation" involving such discretionary appeals. 847 F.2d at 426. In addition, Coe does not claim that counsel ignored his request to appeal or that counsel led him to believe that an appeal had been filed on his behalf. Cf. Clay, 749 F.2d at 431 ("Failure to perfect an appeal where the client has indicated a desire to appeal amounts to ineffective assistance of counsel."). Instead, Coe argues that the attorney who handled his appeal as of right to the Illinois Appellate Court rendered ineffective assistance of counsel by failing to protect his rights by filing a petition for leave to appeal to the Illinois Supreme Court after the Illinois Appellate Court affirmed his conviction.
 
 
 8
 In essence, Coe contends that appellate counsel's duty of representation did not terminate until he filed the papers necessary for the petitioner to pursue the next step in the appellate process. Coe is unable to provide any authority for the imposition of this duty on appellate counsel, and although it is certainly advisable for appellate counsel to inform his or her client of the consequences of not pursuing discretionary appeals, we do not reach the merits of this argument. Even if we accepted Coe's argument that his appellate counsel was ineffective in failing to file a petition for leave to appeal, Coe failed to allege ineffective assistance of counsel in the state court and therefore waived it as a ground for cause in the federal court. "[A] claim of ineffective assistance [generally must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489 (1985). Coe claims that he failed to allege ineffective assistance of counsel in his post-conviction petition because he did not become aware of the consequences of his appellate counsel's failure to file a petition for leave to appeal until he filed his habeas petition in federal court. This argument reduces to a claim that his own ignorance of the consequences of failing to appeal should justify his failure to raise a claim in his post-conviction petition. As we have frequently held, however, ignorance of the law or of legal consequences is insufficient ground to excuse default. See, e.g., Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990) (petitioner's illiteracy and ignorance of the law do not excuse procedural default); Smith v. Newsome, 876 F.2d 1461, 1465-66 (11th Cir.1989) (same); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (same). In sum, a petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim." Smith, 876 F.2d at 1465.
 
 
 9
 Finally, as the district court held, nothing in the state court record reveals that denial of habeas relief to Coe would result in a "manifest injustice." See Murray, 477 U.S. at 496. The evidence at trial directly implicated Coe in the armed robbery and murder at issue: an accomplice testified directly that he saw Coe commit the crimes and the police found Coe's palm print on the window of the victim's car. In short, there were no indications of a miscarriage of justice in this case.
 
 II.
 
 10
 The decision of the district court is AFFIRMED on the grounds that petitioner failed to raise ineffective assistance of counsel in the state court and was therefore precluded from raising this argument as cause for a procedural default.
 
 
 11
 AFFIRMED.
 
 
 12
 RIPPLE, Circuit Judge, concurring.
 
 
 13
 I concur in the judgment solely on the ground stated in part two of the order.