954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Perry J. McFARLAND, Petitioner-Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 91-2336.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 14, 1992.
 
 Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Perry McFarland was convicted of murder in Indiana state court. His direct appeals and petitions for state post-conviction relief were unsuccessful, so he filed a habeas corpus petition in the district court under 28 U.S.C. § 2254 alleging numerous constitutional and state law errors. The district court denied the petition on the basis of state procedural default. We affirm.
 
 
 2
 The history of McFarland's attempts to obtain post-conviction relief is convoluted, so only the steps relevant to this appeal will be recounted here.[1] He filed a petition for post-conviction relief which was denied on October 1, 1985. He was advised that in order to appeal, he must submit a "Motion to Correct Errors" within 60 days of the October 1, 1985 judgment. He filed this motion late, and the motion was denied on December 12, 1985. Due to a clerical error on the part of the clerk's office, McFarland missed the January 13, 1986 deadline to appeal this adverse ruling. The clerk's office quickly acknowledged the mistake, and instructed McFarland to petition to file a "Belated Motion to Correct Errors." Not until September 25, 1986 did he request the court's permission to file the belated motion. After a hearing, the request was denied. The Indiana Court of Appeals affirmed the trial judge in an unpublished decision, holding that McFarland had not shown that he exercised due diligence in filing the belated motion. McFarland appealed to the Indiana Supreme Court which expressly adopted the appellate court's opinion. McFarland v. State, 554 N.E.2d 824 (Ind.1990).
 
 
 3
 McFarland now seeks to have his claims heard in federal court. However, this court cannot ordinarily review issues of federal law in a habeas corpus proceeding where the state court's judgment rests on an adequate and independent finding of procedural default. Harris v. Reed, 489 U.S. 255, 262 (1989). Review is permissible only if the petitioner can demonstrate cause for the default and prejudice arising from it, Murray v. Carrier, 477 U.S. 478, 485 (1986), or show that the failure to review amounts to a "fundamental miscarriage of justice." Id. at 495; see also Henderson v. Conn, 919 F.2d 1270, 1273 (7th Cir.1990).
 
 
 4
 A state ground will be found "independent" where "the state court actually relied on a state rule sufficient to justify its decision." Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir.1990). If there is any doubt as to whether the state court relied on state or federal law in its decision, a federal court will presume the decision rested on federal law and may address the merits of the federal claims. Harris, 489 U.S. at 263; Coleman v. Thompson, 111 S.Ct. 2546, 2557 (1991).
 
 
 5
 The Indiana courts clearly relied exclusively upon state procedural grounds in denying McFarland's petition for post-conviction relief and his request for permission to file a belated motion to correct errors. The state appellate court confined itself to a review of McFarland's compliance with state procedure, and specifically disclaimed any attempt to rule on the merits. McFarland v. State, No. 82A04-8905-PC-180 at 2-3 n. 2 (Ind.App. Nov. 1, 1989). This opinion was adopted by the Indiana Supreme Court and represents the last reasoned decision on the claim.
 
 
 6
 A state ground will be found "adequate" where the state court decision is principled and consistent. "A basis of decision applied infrequently, unexpectedly or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." Prihoda, 910 F.2d at 1383. For example, a federal court may reach the merits of a claim where the state court's procedural bar is applied arbitrarily. See, e.g., Johnson v. Mississippi, 486 U.S. 578 (1988) (federal review permitted where procedural bar applied to habeas petitioner's claims was against the weight of prior state law).
 
 
 7
 The procedural bar invoked by the Indiana courts in this case is adequate. We have previously recognized the validity of the Indiana Rules for Post-Conviction Relief, Rule PC 2, which outlines the requirements for permission to file a belated motion to correct errors. See Zellers v. Duckworth, 763 F.2d 250 (7th Cir.), cert. denied, 474 U.S. 952 (1985). Rule PC 2 is the remedy for those who fail to timely appeal the denial of their petition for post-conviction relief. They may be allowed to file a belated motion to correct errors. In order to qualify for this relief, a petitioner must demonstrate, among other things, that "the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule." Rule PC 2. The Indiana courts were justified in finding, despite the earlier mix-up with the clerk's office, that a delay of nine months in seeking permission to file the belated motion showed a lack of due diligence.
 
 
 8
 McFarland has not demonstrated cause for the default. He acknowledges in his brief that he cannot claim ineffective assistance of counsel in the post-conviction proceedings since there is no Sixth Amendment right to counsel on collateral review. See Pennsylvania v. Finley, 481 U.S. 551 (1987).[2] He instead points to the erroneous information provided to him by the clerk's office as cause for his default. While we are inclined to agree that this may excuse his compliance for a reasonable period of time, we do not agree that the clerk's office is responsible for the entire nine month delay.[3]
 
 
 9
 This case does not present facts in support of the "miscarriage of justice" exception. Our examination of the record does not lead us to the conclusion that we are presented with a constitutional violation that "has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496.
 
 
 10
 In conclusion, we find that McFarland's federal claims are procedurally barred. The district court properly refused to review his state law claims, since federal courts cannot exercise habeas corpus jurisdiction to entertain claims based solely in state law. Bates v. McCaughtry, 934 F.2d 99, 101 (7th Cir.), cert. denied, 112 S.Ct. 318 (1991). For the foregoing reasons, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 See our prior unpublished order, McFarland v. Duckworth, No. 88-3320 (7th Cir. May 16, 1990), for a more detailed history of McFarland's efforts at obtaining post-conviction relief
 
 
 [2]
 In his discussion of cause and prejudice, McFarland asserts that his counsel was ineffective on direct appeal. Whether or not this is true, it does not excuse McFarland's default in post-conviction proceedings
 
 
 [3]
 McFarland must demonstrate both cause and prejudice to overcome the default. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), cert. denied, 111 S.Ct. 698 (1991). Because he cannot establish cause, we need not discuss prejudice