BOTTERON *v.* WINDELL

[No. 16,865.  Filed November 14, 1941.]

*Hoffman & Hoffman,* of Fort Wayne, for appellant.

*Hugh Kennerk* and *McAdams & Lincoln,* all of Fort Wayne, for appellee.

BLESSING, C. J.—This is an action involving the title to certain real estate; the appellant, James A. Botteron, claiming title thereto as the surviving husband and heir of the decedent, Georgia E. Vail, and the appellee, Nannie L. Windell, claiming title to the same real estate as the surviving mother and heir of said decedent. Whether a judgment for divorce granted appellant from Georgia E. Vail was valid was the question giving rise to the respective claims. There was a trial by the court; and upon a request of both parties, the court made a special finding of facts and stated conclusions of law thereon quieting the appellee's title to the real estate in question against the appellant. An examination of the record fails to disclose any final judgment rendered. The transcript shows the finding of facts and conclusions of law but no judgment rendered thereon.

Except as to interlocutory orders, § 2-3218, Burns' 1933, § 2-3201, Burns' 1933, provides that appeals may

be taken to the Supreme Court only from final judgments. Appeals to the Appellate Court are subject to the same limitation. § 4-209, Burns' 1933.

It appears that the court's conclusion Number 5 is to the effect that the costs in this case should be taxed against the appellant, James A. Botteron, and it is so ordered. This conclusion of law cannot take the place of a judgment. *Bryant* v. *Barger* (1939), 106 Ind. App. 245, 18 N. E. (2d) 965.

There being no judgment from which to appeal, the appeal must necessarily be dismissed. *Board, etc.* v. *Hutson* (1913), 55 Ind. App. 447, 103 N. E. 1090.

Appeal dismissed.

NOTE.—Reported in 37 N. E. (2d) 269.