ALBERT J. WILLIAM *v.* STATE OF INDIANA.

[No. 3-1174A187A. Filed February 16, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Lawrence B. O'Connell,* Deputy Attorney General, for appellee.

STATON, P.J.—William's petition for permission to file a belated motion to correct errors was denied by the trial court. William had been found guilty by a jury of selling marijuana in violation of the Uniform Narcotic Drug Act. He was sentenced to a term of not less than five nor more than twenty years on August 4, 1969. His appeal to this court contends that the trial court erred in overruling his petition to file a belated motion to correct errors. This court concludes in its opinion that the trial court did not err when it overruled William's petition, and we affirm the trial court's judgment.

William's petition to file a belated motion to correct errors must demonstrate that through no fault or lack of diligence on his part a timely and adequate motion to correct errors was not filed.[1] P.C. Rule 2(1) provides:

"SECTION 1. Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule. . . ."

After his sentencing on August 4, 1969, William filed a timely motion to correct errors on September 3, 1969. In his motion to correct errors, William predicated error upon the

---

1. William filed his petition to file a belated motion to correct errors on February 28, 1974. He was sentenced on August 4, 1969 and filed a timely motion to correct errors on September 3, 1969.

trial court's giving only "Defendant's Instruction Number Eight." He contended that the trial court should have given as well "Defendant's Instruction Number Seven." Instruction Seven was an entrapment Instruction. Later, September 26, 1969, William's private counsels participated in an oral argument and urged the trial court to grant William a new trial. After the trial court denied the motion to correct errors, William's private counsels withdrew with leave of court. They stated that they were unable to locate William and received no cooperation from him. William had been released by the trial court on bond, so on October 6, 1969 the trial court issued a bench warrant for his re-arrest. William was committed to the Indiana Reformatory on December 22, 1969.

William has not shown in his petition the inadequacy of his motion to correct errors on September 3, 1969. Furthermore, he has not absolved himself from fault in perfecting the appeal commenced by his private counsels. Later, September 24, 1970, William was given an opportunity to file a belated appeal by the Indiana Supreme Court under Cause No. 670-S-129. Again, the trial court released William on a $5,000 bond so that he could pursue his appeal. After a year passed without any effort from William to perfect his belated appeal, the trial court issued another bench warrant for William's arrest.

William has not explained his lack of diligence in perfecting the belated appeal granted by the Indiana Supreme Court.[2] *Lloyd* v. *State* (1966), 247 Ind. 499, 217 N.E.2d 43.

2. In the transcript of his P.C. Rule 1 hearing, William said that he deliberately dropped the belated appeal because of newly discovered evidence which he hoped to display in a P.C. Rule 1 proceeding.

William filed a *pro se* writ of habeas corpus on January 6, 1972. His petition for post-conviction relief was not filed until June 8, 1972. After the petition for post-conviction relief was denied, he failed to file a motion to correct errors. William's case began in 1968. We note with interest that he has written six *pro se* documents requesting relief and has gained the advice of at least eight different attorneys. The record supports the inference that his failure to file a timely motion to correct errors after the denial of his post-conviction relief petition was his fault. Therefore, he would not be entitled to file a belated motion to correct errors on his post-conviction relief petition.

William has failed to demonstrate either by the record or by his petition that he is entitled to file a belated motion to correct errors.[3]

The judgment of the trial court is affirmed.

Hoffman, and Garrard, JJ., concur.

NOTE.—Reported at 341 N.E.2d 524.

---

3. William contends in his brief that he was entitled to a hearing before the trial court. P.C. Rule 2(1) does not require a hearing in every case. A hearing is discretionary with the trial court. The Rule merely provides: "Any hearing on the petition shall be conducted according to Sec. 5, Rule P.C. 1." See *Kindle* v. *State* (1974, 161 Ind. App. 14, 313 N.E.2d 721. As to burden of proof see: *Newland* v. *State* (1968), 250 Ind. 512, 236 N.E.2d 45, *cert. denied*, 393 U.S. 937, 89 S.Ct. 298, 21 L.Ed.2d 273; *Langley* v. *State* (1968), 250 Ind. 29, 232 N.E.2d 611, *cert. denied*, 393 U.S. 835, 89 S.Ct. 110, 21 L.Ed.2d 106. The cases cited construe old Supreme Court Rule 2-40, which was superseded by the promulgation of our present Post-Conviction Relief Rules on August 1, 1969. See P.C. Rule 1(1)(b).