WILLIAM E. ZELLERS *v.* STATE OF INDIANA.

[No. 376S78. Filed March 29, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Larry A. Landis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant pleaded guilty in 1966, to the first-degree murder of his uncle's wife and was sentenced to life imprisonment. On August 8, 1969, appellant filed *pro se* a petition for post-conviction relief, which he designated "Be

lated Verified Motion to Vacate Judgment and Withdraw a Plea of Guilty." He also petitioned that counsel be appointed for him. The Public Defender of Indiana was appointed to represent him.

On January 14, 1971, an evidentiary hearing was had on appellant's post-conviction petition. Counsel were directed to furnish tentative findings of fact and conclusions of law by January 24, 1971, and the matter was taken under advisement. By August 15, 1972, neither the State nor the appellant had filed the tentative findings of fact and conclusions of law. The court then found against appellant and for the State on appellant's belated, verified motion to vacate judgment and withdraw a plea of guilty. The court made no findings of fact nor conclusions of law.

On August 17, 1975, appellant filed a "Petition of Defendant for Permission to File a Belated Motion to Correct Errors" and a "Belated Motion to Correct Errors," pursuant to Ind. R. P.C. 2. In the petition to file a belated motion to correct errors appellant's attorney, a deputy public defender of Indiana, accepted the responsibility for his office in failing to file a timely motion to correct errors. Attached to the petition for permission to file a belated motion to correct errors as an exhibit is a letter from appellant to the Public Defender marked "received" on May 8, 1972, which letter requests the Public Defender to complete proceedings in the Knox Circuit Court and to appeal, if necessary. The petition for permission to file a belated motion to correct errors further states that the appellant first became aware of the denial of his Ind. R. P.C. 1 petition on February 19, 1975, when he was so informed during an interview with the deputy public defender at the state prison, and that at that time appellant requested an appeal.

On December 19, 1975, argument was had on the petition to file a belated motion to correct errors and the same was overruled.

Appellant first argues that no motion to correct errors was necessary as the trial court did not issue specific findings

of fact and conclusions of law when he decided appellant's Ind. R. P.C. 1 petition. A motion to correct must be filed within 60 days after entry of *judgment*. errors must be filed within 60 days after entry of *judgment*. Ind. R. Tr. P. 59(c). Findings of fact and conclusions of law are not a substitute for a judgment. *Botteron v. Windell*, (1941) 109 Ind. App. 652, 37 N.E.2d 269.

Ind. R. P.C. 1, § 6, provides in part as follows:

> "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held."

The failure to make findings of fact and conclusions of law as required by the rule may be challenged by a motion to correct errors, but not in the first instance by an appeal.

In the alternative, appellant argues that the court erred as a matter of law in denying him permission to file a belated motion to correct errors. The Attorney General urges that the lapse of three years from the time of appellant's letter to the Public Defender to the time of the filing of the petition to file a belated motion to correct error shows that appellant has not been diligent and was cause for denying the petition. Granted there is nothing in the record or the petition to indicate that appellant made repeated requests to the Public Defender between 1972 and 1975 for an appeal; however, it is alleged that appellant had no knowledge of the entering of judgment against him until February 19, 1975. Additionally, appellant alleged that three months prior to judgment he had asked the Public Defender to appeal from any adverse decision in the trial court when judgment was finally entered and that no motion to correct error had ever been filed. These allegations, if true, would support the filing of a belated motion to correct errors, pursuant to Ind. R. P.C. 2, § 1. However the record indicates that no hearing was had allowing appellant to produce evidence in support of his petition.

In *Williams v. State*, (1976) Ind. App., 341 N.E.2d 524, Judge Staton, in speaking for the Third District of the Court of Appeals, noted that the petitioner is not entitled to an

evidentiary hearing in every case. In that case the trial court denied the petition without a hearing when the petitioner failed to demonstrate, either by his petition or the record of his trial, that he was entitled to file a belated motion to correct errors. However, inasmuch as the petition for permission to file a belated motion stated grounds for relief, an evidentiary hearing should have been had to afford appellant an opportunity to present evidence to support his petition.

The judgment of the trial court is reversed with instructions to afford the appellant an evidentiary hearing and to grant appellant permission to file a belated motion to correct errors if his allegations are supported by a preponderance of credible evidence.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 361 N.E.2d 143.