Juan Cardell BLACKMON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2-982A290.

Court of Appeals of Indiana,
Second District.

June 21, 1983.

Susan K. Carpenter, Public Defender of Ind., Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Juan Cardell Blackmon (Blackmon) appeals as contrary to law the trial court's summary denial of his petition under Ind. Rules of Procedure, Post-Conviction Rule 2, § 1 for permission to file a belated motion to correct error.

We reverse and remand for proceedings not inconsistent with this opinion.

Following a plea of not guilty and trial by the court, Blackmon was convicted on February 12, 1980 of forgery under I.C. 35–43–5–2 (Burns Code Ed., Repl.1979) and theft under I.C. 35–43–4–2 (Burns Code Ed., Repl.1979). A presentence report was ordered and on March 4, 1980 the trial judge sentenced Blackmon to two (2), two year concurrent terms. During the sentencing hearing, at which Blackmon was represented by a public defender, the trial judge volunteered the following reasons for giving Blackmon the minimum sentences: Blackmon's role in the incident was somewhat passive; he saved the court's time by waiving trial by jury after his first trial resulted in a hung jury; and he improved himself academically by earning a G.E.D. certificate during his imprisonment for a previously committed crime.

Immediately after pronouncing sentence and volunteering his reasons for giving Blackmon "a pretty good break" on his sentences the trial judge, as mandated by Ind. Rules of Procedure, Criminal Rule 11, undertook to explain to Blackmon his appeal rights stating:

> "If you wish to appeal the *sentence* you must have your lawyer file a Motion to Correct Errors within 60 days of today's date. Do you understand that?

.    .    .    .    .

And if the Court rules on the Motion to Correct Errors and rules against you, then you have 30 days from that date to praecipe for the transcript of the record which indicates your intention to appeal. Do you understand that?

.    .    .    .    .

If you don't have a lawyer, the Court has a duty to appoint an attorney for you for appeal purposes, if you can't afford to hire a lawyer or don't have funds or assets of your own. Do you understand that?"

Record at 46–47 (emphasis added). After Blackmon responded affirmatively to the above questions, the trial judge inquired if he desired to appeal his *sentence.* Blackmon replied, "No, Your Honor. I think the *sentence* is just." Record at 47 (emphasis added).

The record shows no action by Blackmon until June 9, 1982 when, with the assistance of a public defender, Blackmon filed a Post-Conviction Rule 2, § 1 petition seeking permission to file a belated motion to correct error. On June 11, 1982 the trial court summarily denied his petition, finding, "More than 2 years having elapsed since defendant was sentenced at which time defendant was fully advised of his appeal rights, this petition is denied." Record at 51. Blackmon appeals that denial.

Post-Conviction Rule 2, § 1 is available to any defendant convicted after trial or guilty plea if the following three requirements are met:

"(a) no timely and adequate motion to correct error was filed for defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

If the trial court finds such grounds,[1] the court shall permit the defendant to file a belated motion to correct error. The mo-

tion is treated for all purposes as if filed within the prescribed period. P.C.R. 2, § 1.

In his petition for permission to file a belated appeal, Blackmon contends no timely and adequate motion to correct errors was filed. He also contends the failure to file a timely motion to correct error was not his fault because he was uneducated in the law, unaware of the means to perfect an appeal, and although the trial judge informed him he could appeal his *sentence,* he was not informed he could appeal the judgments against him. He further alleges that once he learned of the possibility of pursuing a belated appeal, he was diligent in seeking permission to file his belated motion to correct error.

The state acknowledges no timely and adequate motion to correct error was filed but defends the trial court's denial of Blackmon's petition claiming Blackmon was properly informed of his right to an appeal and therefore was at fault for not filing a timely motion to correct error. Further, the state argues, even assuming he was not at fault, Blackmon failed to show diligence in seeking permission to file his belated motion.

We hold the trial judge abused his discretion in denying Blackmon's petition without a hearing even though the record indicates Blackmon did not request a hearing to produce evidence supporting the allegations in his petition. The trial court erred in summarily denying Blackmon permission to file a belated motion to correct error, finding, as a matter of law, "More than two years having elasped since defendant was sentenced at which time defendant was fully advised of his appeal rights, this petition is denied." Record at 51.

■ We are cognizant a petitioner for P.C.R. 2 relief is not entitled to an evidentiary hearing in every case. *Compare* P.C.R. 1, § 5 *with* P.C.R. 2. *See Zellers v. State,* (1977) 266 Ind. 111, 361 N.E.2d 143, *judgment affirmed after remand,* (1979) Ind., 389 N.E.2d 299; *William v. State,*

---

1. Our supreme court has held the P.C.R. 2 petitioner seeking permission to file a belated motion to correct errors bears the burden of

proving his grounds for relief by a preponderance of the evidence. *Bailey v. State,* (1982) Ind., 440 N.E.2d 1130 (hearing conducted).

(1976) 168 Ind.App. 107, 341 N.E.2d 524, 525 n. 3. Our Supreme Court has held, "a defendant's failure to request a hearing may be deemed a waiver of any error in the trial court's refusal to hold such a hearing." *Adams v. State,* (1979) Ind., 270 Ind. 406, 386 N.E.2d 657, 662 (citing *Kindle v. State,* (1974) 161 Ind.App. 14, 24, 313 N.E.2d 721, 727).

■ However, the defendant's petition in *Adams,* unlike the defendant's petition in *Zellers* and unlike Blackmon's petition here, was either itself insufficient to show the presence of one of the three P.C.R. 2, § 1 requirements or the record negated the petition's allegation of one of the requirements.[2] *See Zeller v. State,* 361 N.E.2d at 144 (explaining *William v. State,* (1976) Ind. App., 168 Ind.App. 107, 341 N.E.2d 524 without citing *Kindle v. State,* 161 Ind.App. 14, 313 N.E.2d 721).

Thus, close scrutiny of the foregoing cases reveals a P.C.R. 2, § 1 petitioner's failure to request a hearing may be deemed a waiver of the trial court's refusal to hold a hearing when the petition for permission to file a belated motion to correct error fails to allege the existence of the three (3) prerequisites for the grant of relief. In addition, the record of the proceedings up to the time of the petition may negate one or more of the P.C.R. 2 petitioner's alleged prerequisites to relief. For example, an allegation that a timely and adequate motion to correct error was not filed may be negated by the existence of such a motion in the record. *Adams v. State,* 270 Ind. 406, 386 N.E.2d 657. An allegation of lack of fault based upon lack of knowledge of the right of appeal may be negated by the record of sentencing which shows compliance with the C.R. 11 mandate to inform the convicted person of his right to appeal the judgment of conviction against him.[3] In such situations, as with a facially inadequate petition, the defendant-petitioner's failure to request a hearing may be deemed a waiver of the trial court's refusal to hold a hearing.

However, with a facially sufficient petition and a record which fails to negate at least one of the prerequisites to relief under P.C.R. 2, § 1, an evidentiary hearing must be held to allow the defendant the opportunity to present evidence to support his petition and prove his entitlement to P.C.R. 2 relief by a preponderance of the evidence. *Zellers v. State,* 361 N.E.2d at 144.

In this case, Blackmon's petition was facially sufficient in that it alleged the three prerequisites for relief under P.C.R. 2 § 1. Furthermore, it is undisputed he did not file a timely and adequate motion to correct errors. Additionally, for the reason discussed below, an examination of the record does not negate Blackmon's allegation of lack of fault, the second requirement, but in fact reveals Blackmon was not adequately advised of his right to appeal the judgments of conviction against him.

■ Any person convicted of a criminal offense in Indiana may, as a matter of statutory and constitutional right, appeal the judgment against him.

"An appeal to the Supreme Court or to the Appellate Court [Court of Appeals] may be taken by the defendant as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed."

---

2. The court in *Adams* does not discuss whether all three of the P.C.R. 2, § 1 requirements were alleged in Adams' petition, but only discusses the allegation that no timely and adequate motion to correct error was filed. The court concludes the previously filed motion in the record was adequate. Also, the issue under consideration in the *Kindle* case (cited within *Adams* to support the waiver of any error in not conducting a hearing) was not the denial of a petition for permission to *file* belated motion to correct error, but was the overruling of the belated motion once filed.

3. Even without proper C.R. 11 advice, an allegation of lack of fault based upon lack of knowledge of the right to appeal may be negated by the record, for example, where the defendant-petitioner volunteers to the court he is aware of his appeal rights and the requisite time limitations and does not wish to be so informed.

I.C. 35–1–47–1 (Burns Code Ed. Repl.1979); *See also* Ind. Const. Art. 7, § 4, § 6 (amended 1970).[4]

Pursuant to C.R. 11, immediately following sentencing in all felony cases the trial judge must advise the defendant:

"(1) that he is entitled to file a motion to correct errors which must be done within sixty (60) days of the sentencing; (2) that he is entitled to take an appeal *from the judgment,* but if he wishes to do so, he must first file a timely motion to correct errors and he must file a praecipe designating what is to be included in the record of the proceedings on appeal within thirty (30) days of the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited; (3) that if he is financially unable to employ an attorney, the court will appoint counsel for the purpose of filing the motion to correct errors and for taking an appeal." [5]

In contrast, by the November 1970 amendment to the Indiana Constitution, the supreme court was expressly granted the power to review and revise sentences, a power supplementing its inherent power to review and revise sentences exceeding constitutional bounds. Ind. Const. Art. 7, § 4. However, the supreme court declined to exercise this express power until procedural guidelines for its routine exercise were formulated in 1978 in the form of Ind.Rules of Procedure, Appellate Review of Sentences Rules 1–2. *E.g., Stoehr v. State,* (1975) 263 Ind. 208, 215–16, 328 N.E.2d 422, 427, *cert. denied* 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267.

Regarding the court of appeals, the constitution as amended provides:

"The Court shall have no original jurisdiction, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies. In all other cases, it shall exercise appellate jurisdiction under such terms and conditions as the Supreme Court shall specify by rules which shall, however, provide in all cases an absolute right to one appeal, and *to the extent provided by rule,* review and revision of sentences for defendants in criminal cases."

Ind. Const. Art. 7, § 6. (emphasis added).

Therefore, appellate review of sentences (as distinguished from the review of unconstitutionally impermissible sentences) theoretically has been available to defendants in Indiana since 1970 and has practically been obtainable since 1978 whereas appellate review of a defendant's criminal judgment of conviction has been a matter of right in Indiana for well over a century. *See, e.g., Farrel v. State* (1855) 7 Ind. 345.

Clearly, a criminal defendant's right to appeal the judgment against him and his right to appellate review of his sentence are distinct legal rights. In view of the fact C.R. 11 was originally effective January 1, 1970, prior to the constitutional amendment empowering the appellate courts to review and revise criminal sentences and prior to the enactment of Appellate Review of Sentences Rules 1 and 2, and, in view of the fact C.R. 11 contains plain language mandating the trial court judge to advise the defendant of his right to "take an appeal from the judgment," the requirements of C.R. 11 are met by informing the defendant of his right to appeal *the judgment of conviction rendered against him.* Informing him only of his right to appellate review of

---

**4.** The Federal Constitution does not require appellate review of conviction. *McKane v. Durston,* (1894) 153 U.S. 684, 687–88, 14 S.Ct. 913, 914–915, 38 L.Ed. 867.

**5.** C.R. 11 further provides in pertinent part:
The court shall then inquire of the defendant whether or not he wishes to file a motion to correct errors. If the defendant states that he does desire to do so, the court shall forthwith instruct trial counsel for defendant that it is his duty to file a timely motion to correct errors.

The court shall then inquire of the defendant whether or not he wishes to take an appeal if the motion to correct errors is overruled and whether or not he is a pauper and has insufficient funds to employ an attorney. If the court finds that he is financially unable to employ counsel for an appeal and the defendant states that he desires an attorney for appeal, the court shall thereupon promptly appoint an attorney to represent the defendant in an appeal and notify the defendant at said time of said action.

his sentence does not satisfy the requirements of C.R. 11.

Therefore, the trial court's advice to Blackmon in this case was not sufficient under C.R. 11 to inform him of his right to appeal the judgments of conviction against him.[6] The record affirmatively shows Blackmon was not adequately advised of his rights and fails to negate in any other manner his allegation of lack of fault in not filing a timely appeal.

Regarding the third requirement for P.C.R. 2, § 1 relief, *i.e.,* diligence, nothing in the record negates Blackmon's allegation he was diligent in pursuing relief once he learned of his right to appeal the judgments of conviction against him. Indeed, the record fails to negate Blackmon's allegation of lack of fault; lack of fault and the presence of diligence are interdependent prerequisites, at least in part, in Blackmon's case, because his exercise of diligence in seeking relief necessarily required his knowledge of the relief's availability.

▉ We find Blackmon's petition for permission to file a belated motion to correct error was facially sufficient and the record fails to negate even one of his allegations of the three prerequisites to P.C.R. 2, § 1 relief. The trial court abused its discretion in not conducting a hearing to afford Blackmon the opportunity to prove his allegations of the two P.C.R. 2, § 1

requirements in dispute, *i.e.,* his lack of fault and his diligence.[7]

The judgment of the trial court is reversed and the cause remanded with instructions to the trial court to conduct such a hearing.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

6. Reviewing the record of the sentencing hearing in Blackmon's case, we are particularly unpersuaded the trial judge's advice to Blackmon of his right to appeal his "sentence" must necessarily be equated with advice of his right to appeal the judgments of conviction. Not only was the word "sentencing" used consistently throughout the judge's and Blackmon's statements, but the judge had just completed volunteering his reasons for giving Blackmon a "pretty good break" in his sentences.

7. A determination of fault must be made on a case by case basis. *Bailey v. State* (1982) Ind., 440 N.E.2d 1130. However, previous cases show matters which may be considered regarding fault include the defendant's awareness or lack of awareness of his duty to file a timely motion to correct errors, whether he has obstructed or impeded a timely filing by any act or omission, *Zellers v. State,* 389 N.E.2d at 301; the age of the defendant, his education level,

his familiarity or past experience with the legal system and appeal process, and whether anyone informed him of his appellate rights before his motion to correct errors was due. *Brandon v. State,* (1976) Ind., 264 Ind. 177, 340 N.E.2d 756 (prior to C.R. 11; summary judgment standard applied). Factors which have in previous cases been considered as to diligence are the same or similar as those bearing on fault, *i.e.,* explanation of appeal rights by competent counsel, *Dobeski v. State,* (1981) Ind., 419 N.E.2d 753; mental age and education of defendant, lack of advice as to right to appeal, lack of experience with appellate system, *Gallagher v. State,* (1980) Ind., 410 N.E.2d 1290. As with fault, there are no rules delineating what constitutes the presence or absence of diligence. The outcome of each case depends upon its facts. *Collins v. State,* (1981) Ind., 420 N.E.2d 880, 881; *Dobeski v. State,* 419 N.E.2d at 755.