**Robert E. DOUGHTY,**
**Petitioner-Appellant,**

v.

**STATE of Indiana,**
**Respondent-Appellee.**

**No. 3–485A87.**

Court of Appeals of Indiana,
Third District.

Aug. 15, 1985.

Susan K. Carpenter, Public Defender, Rhonda R. Long, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

This appeal is from the denial of permission to file a belated motion to correct errors, addressed to a denial of post conviction relief.

On October 26, 1978 Doughty pled guilty to battery, a Class C felony, and on November 21, 1978 he was sentenced to five years imprisonment.

After his petitions for work release and shock probation and his *pro se* petition for relief from judgment had been denied, in 1980 Doughty by counsel petitioned for post conviction relief pursuant to Indiana Rules of Procedure, Post Conviction Remedy Rule 1. On April 21, 1980, after a hearing, post conviction relief was denied and no appeal was taken.

On May 14, 1984 Doughty filed his *pro se* petition for permission to file a belated motion to correct errors [1] to attack the denial of post conviction relief in 1980. The trial court denied relief and this appeal, in which Doughty is represented by the public defender, followed.

The petitioner for PC 2 relief has the burden of showing on appeal that a trial court committed an abuse of discretion in denying relief. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130.

Doughty contends the court's decision was contrary to law because all three requirements of PC 2, Section 1 (no timely motion, not the fault of petitioner, and diligence) were all met. We disagree.

It appears on the face of Doughty's petition that when his PC 1 petition was denied his attorney advised him that he had the right to appeal but recommended against it because Doughty did not have "any grounds for relief."

Thereafter nothing was done for more than four years until Doughty filed his PC 2 petition.[2] Doughty asserts that the failure to timely file a motion to correct errors

---

1. "Rule PC 2. Belated Motion to Correct Error-Belated Appeal. Section 1. Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

    (a) no timely and adequate motion to correct error was filed for the defendant;

    (b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

    (c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

    The trial court shall not consider the merits of the motion, but shall determine whether there are grounds for allowing the belated motion to correct error to be filed. Any hearing on the petition shall be conducted according to Sec. 5, Rule PC 1.

    If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period.

    If the trial court finds no such grounds, it shall deny defendant permission to file the motion. Defendant may appeal such a denial and the only assignment of error required is that the trial court ruling is contrary to law. Jurisdiction for such appeal shall be determined by reference to the sentence originally imposed."

2. Although neither Doughty nor the public defender offers any account of what transpired in the interim, we note that Doughty would have completed service of his entire sentence for the burglary several months before he "discovered" the necessity of filing a motion to correct errors when he "arrived" at the state reformatory in April 1984. This deficiency could additionally constitute a failure to show diligence in applying for PC 2 relief.

"was not due to the fault of the defendant" as required by PC 2, Sec. 1(b), because his attorney failed to advise him that such a motion had to be filed within sixty (60) days.

While we agree that the record before the court does not show that Doughty was advised that a motion to correct errors has to be filed within sixty days, it did not have to. That was not the critical information to Doughty's exercise of diligence.

Unlike the situation asserted in *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, there is no question here but that appellant was advised of his right to appeal. He admits that he was so advised on the very day his original petition for post conviction relief was denied. Furthermore, unlike the appellant in *Simmons v. State* (1974), 262 Ind. 30, 310 N.E.2d 872, Doughty gave no indication that he wished to appeal. Indeed no such indication was given for the next four years. From this record the trial court was justified in determining that Doughty elected to take his attorney's advice and forego an appeal. Under those circumstances the failure to file a timely motion to correct errors *was* due to the fault of Doughty, and the failure to advise him that in order to appeal, a motion should be filed within sixty days was superfluous.[3]

Doughty has not established any abuse of discretion by the trial court.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.

---

**3.** Of course, a different situation might be presented had Doughty requested an appeal shortly after the expiration of the sixty days, since the failure to appraise him of time limits under those circumstances might be found meaningful. These are case-by-case fact oriented determinations. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130.