**Ronnie A. WHITMIRE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1085S441.

Supreme Court of Indiana.

Oct. 7, 1986.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Ronnie A. Whitmire was convicted at the conclusion of a jury trial in the Delaware Superior Court of burglary, a class B felony. He was sentenced to twelve (12) years. On appeal of denial of post-conviction relief, the sole issue for our consideration is whether the trial court properly denied Appellant's Petition for Permission to File a Belated Motion to Correct Error.

Upon being found guilty of burglary, a class B felony, Appellant was sentenced on January 5, 1984. At the sentencing, the trial court advised Appellant of his right to appeal. Appellant indicated that he understood all of his rights, but that he chose to waive his right to appeal. On February 15, 1984, Appellant signed a *pro se* Motion for Transcript of All Trial Proceeding or Guilty Plea and Sentencing Hearing Transcripts. The Court Clerk received this motion on March 1, 1984, the fifty-sixth day after sentencing. On March 6, 1984, the sixtieth day after Appellant's sentencing, the trial court denied Appellant's motion. On March 9, 1984, Ronald Smith withdrew as Appellant's attorney because he no longer was serving as Public Defender. On that same day, J.A. Cummins filed his appearance on behalf of Appellant, and further filed a Petition for Shock Probation. The trial court conducted a hearing, and on April 23, 1984, denied the petition. Appellant's counsel again filed a Petition for Shock Probation on May 30, 1984, which again was denied. On July 10, 1984, Appellant wrote the Court Clerk requesting his transcripts once again. The court reiterated its previous denial. On July 19, 1984, more than six months after sentencing (196 days), Appellant's counsel filed a Petition for Appointment of Public Defender for Purposes of Appeal. This petition was denied on the same day. Appellant filed yet another *pro se* Motion for Transcript of All Trial Proceeding or Guilty Plea and Sentencing Hearing Transcripts, which motion was denied. On May 20, 1985, Appellant filed a Verified Petition for Permission to File A Belated Motion to Correct Error, which petition was denied on the same day. A hearing was held on a Motion to Correct Error and the motion was denied. It is from this denial that the present appeal is taken.

Appellant maintains the trial court's denial of his Petition to File a Belated Motion to Correct Error was an abuse of discretion, was contrary to law, and denied him due process. Appellant contends his motions for copies of transcripts and various other motions, only one of which was filed prior to the sixty (60) day limit, indicated

his desire not to relinquish his right to appeal, despite his earlier waiver thereof. He further argues that these motions should have put the court on notice that he did not intend to forfeit his right to appeal.

Ind.R.Crim.P. 16 sets out the normal procedure for beginning the appellate process in a criminal case. It is uncontroverted in the present case that this rule was not complied with; no motion to correct error was filed within sixty (60) days of sentencing. However, Ind.R.P.C. 2 provides for a belated motion to correct error in such cases, where the conditions are met:

"(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

As noted above, the first condition is met in the present case.

Appellant concedes that he was informed at sentencing that he was entitled to appeal at public expense, and of the relevant deadlines for the jurisdictional prerequisites in taking an appeal. The court clearly explained that failure to file either of these prerequisites would result in forfeiture of his right to appeal. Appellant further concedes that fault, as contemplated by Ind.R.P.C. 2, may be inferred from a defendant's knowledge of his right to appeal and failure to timely assert that right. *Citing Collins v. State* (1981), Ind., 420 N.E.2d 880; *Dobeski v. State* (1981), 275 Ind. 662, 419 N.E.2d 753; *Doughty v. State* (1985), Ind.App., 481 N.E.2d 437; and *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, *reh. denied* (1983).

Appellant's only argument is that his motions demonstrated a desire to exercise his appellate rights to the sixty (60) day limit, and that it is of no consequence that such took the form of a motion for transcripts as opposed to a motion to correct error.

The decision whether to grant a belated motion to correct error is within the sound discretion of the trial court. *Adams v. State* (1979), 270 Ind. 406, 412, 386 N.E.2d 657, 662. In the present case, despite the court's informing him of his right to have counsel at public expense, and of his right to appeal and the proper steps for such appeal, Appellant chose to proceed, acting *pro se,* and filed the incorrect motions on an untimely basis. In *Owen v. State* (1978), 269 Ind. 513, 518, 381 N.E.2d 1235, 1239, *reh. denied* (1979), we noted that a *pro se* appellant proceeds at the same risk as any other party before this Court, and that when a prisoner elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf, or waive any rule for the orderly and proper conduct of his appeal. We further held the same standards for drafting motions to correct errors apply to *pro se* appellants as to others, and errors are waived if such rules are not complied with. *Id.* With this in mind, we find no error in the court's denying Appellant's petition for a belated motion to correct errors, because Appellant was made aware of the proper appellate procedure and failed to comply with it. The failure to timely file the motion to correct errors was the fault of Appellant, and he therefore is not entitled to relief under Ind.R.P.C. 2. Finally, we note that Appellant did retain active counsel for four months, yet he still failed to express any desire for an appeal. While Appellant's counsel did file a motion for shock probation, no motion to correct error was ever filed.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.