Jack HAYS, Petitioner–Appellant,

v.

STATE of Indiana, Respondent–Appellee.

No. 65A01–8811–CR–371.

Court of Appeals of Indiana, First District.

Feb. 20, 1989.

Susan K. Carpenter, Public Defender, Jane Ruemmele, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

STATEMENT OF THE CASE

Defendant-appellant, Jack Hays (Hays), appeals the decision of the Posey Circuit Court denying his petition for permission to

file a belated motion to correct error filed under Ind.Rules of Procedure, Post–Conviction Rule 2.

We affirm.

## STATEMENT OF THE RECORD

Hays was convicted of escape on November 21, 1981. At his sentencing hearing, held on December 1, 1981, Hays was thoroughly and carefully advised by the trial court pursuant to Ind.Rules of Procedure, Criminal Rule 11, of his right to file a motion to correct error, his right to take an appeal, and his right to a court appointed counsel, at public expense, for the purpose of filing a motion to correct error and taking an appeal in the event that he was indigent. The trial court also advised Hays that the motion to correct error must be filed within 60 days from the date of sentencing and that if he wished to take an appeal he must file a praecipe within 30 days of the trial court's ruling on the motion to correct error. Hays informed the trial court he understood the various advisements and stated that he did not wish to file a motion to correct error or take an appeal.

Although Hays conferred with a deputy public defender and requested a copy of the transcript in 1986, he did not file his PC 2 petition until April 8, 1988. The trial court held that Hays knowingly, intelligently, and voluntarily waived his right to appeal and the failure to do so was wholly his own fault in that in open court he specifically informed the trial court that he did not wish to appeal. The only issue before us is whether the action of the trial court was contrary to law.

## DISCUSSION AND DECISION

Post–Conviction Rule 2 § 1 provides for the filing of a belated motion to correct error where the following conditions are met:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

In *Whitmire v. State* (1986), Ind., 498 N.E.2d 380, the supreme court addressed this problem. In that case, the defendant commenced his attack upon the trial court's actions within three months, with a petition for a transcript, petition for shock probation, and petition to be represented by the public defender. He filed his PC 2 petition within a year and four months from the date of the sentencing. In affirming the trial court's denial of the defendant's PC 2 petition, the court stated:

Appellant concedes that he was informed at sentencing that he was entitled to appeal at public expense, and of the relevant deadlines for the jurisdictional prerequisites in taking an appeal. The court clearly explained that failure to file either of these prerequisites would result in forfeiture of his right to appeal. Appellant further concedes that fault, as contemplated by Ind.R.P.C. 2, may be inferred from the defendant's knowledge or his right to appeal and failure to timely assert that right.

\* \* \* \* \* \*

The decision whether to grant a belated motion to correct error is within the sound discretion of the trial court. *Adams v. State* (1979), 270 Ind. 406, 412, 386 N.E.2d 657, 662. In the present case, despite the court's informing him of his right to have counsel at public expense, and of his right to appeal and the proper steps for such appeal, Appellant chose to proceed, acting *pro se*, and filed the incorrect motions on an untimely basis. In *Owen v. State* (1978), 269 Ind. 513, 518, 381 N.E.2d 1235, 1239, *reh. denied* (1979), we noted that a *pro se* appellant proceeds at the same risk as any other party before this Court, and that when a prisoner elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf, or waive any rule for the orderly and proper conduct of his appeal.

We further held the same standards for drafting motions to correct errors apply to *pro se* appellants as to others, and errors are waived if such rules are not complied with. *Id.* With this in mind, we find no error in the court's denying Appellant's petition for a belated motion to correct errors, because Appellant was made aware of the proper appellate procedure and failed to comply with it. The failure to timely file the motion to correct errors was the fault of Appellant, and he therefore is not entitled to relief under Ind.R.P.C. 2. Finally, we note that Appellant did retain active counsel for four months, yet he still failed to express any desire for an appeal. While Appellant's counsel did file a motion for shock probation, no motion to correct error was ever filed. (Citations omitted.)

498 N.E.2d at 381.

Likewise, in *Doughty v. State* (1985), Ind.App., 481 N.E.2d 437, this court affirmed the decision of the trial court denying a PC 2 petition on facts similar to those in the instant case.

Clearly, the trial court here did not abuse its discretion in denying Hays's PC 2 petition. For the above reasons, this cause is affirmed.

JUDGMENT AFFIRMED.

SHIELDS, P.J., and ROBERTSON, J., concur.