Larry BROWN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 02A03–8812–PC–391.

Court of Appeals of Indiana,
Third District.

April 11, 1989.

Susan K. Carpenter, Public Defender, Lee A. Smith, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Larry Brown was convicted of Robbery, a Class A felony, which was affirmed on direct appeal to the Supreme Court. Brown subsequently filed a petition for post-conviction relief, which was denied. Because the 60 day time period for filing a motion to correct errors on that denial had elapsed due to no fault of Brown's, Brown filed a petition for permission to file a belated motion to correct errors. This, too, was denied and Brown appeals that denial, presenting the following issues for our review:

I. Whether the trial court erred by denying Brown permission to file a belated motion to correct errors to contest the denial of post-conviction relief?

II. Whether Brown was entitled to an evidentiary hearing on his petition to file a belated motion to correct errors?

Reversed.

### Facts

Larry Brown (Brown) was convicted by jury of Robbery, a Class A felony, on August 5, 1982, and he was sentenced to forty (40) years. His subsequent direct appeal to our Supreme Court was affirmed in *Brown v. State* (1984), Ind., 468 N.E.2d 841. On January 16, 1987, Brown filed a petition for post-conviction relief; this was denied on February 9, 1987.

The court duly notified Brown's attorney. However, Brown asserts that he received no notice, and this is not without support. While the court sent notice of the denial to Brown, the notice was sent to the Indiana State Reformatory; Brown, meanwhile, was still held at the Allen County Jail. Also, the notice contained the wrong Prisoner Inmate Number.

Brown's attorney first advised Brown of the denial on April 13, 1987. Although he asked Brown if he wished to appeal that denial, at this time, the sixty day time limit within which to file an appeal had already elapsed. By May 9, 1987, in less than 30 days, Brown filed a petition for permission to file a belated motion to correct errors. The court denied this petition; Brown now appeals that denial.

### I.

### Belated Motion to Correct Errors

The grant of permission to file a belated motion to correct errors is within the discretion of the trial court. *Campbell v. State* (1985), Ind., 483 N.E.2d 66, 67, *reh. denied.* Thus, only upon a showing of an abuse of that discretion, or that the court's decision is contrary to law, will this court reverse the court below. *Id.*

The ability to file a belated motion to correct errors is found in the rules governing post-conviction relief:

Rule PC 2. Belated Motion to Correct Error—Belated Appeal

Section 1. Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

The trial court shall not consider the merits of the motion, but shall determine whether there are grounds for allowing the belated motion to correct error to be filed. Any hearing on the petition shall be conducted according to Sec. 5, Rule PC 1.

If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period.

If the trial court finds no such grounds, it shall deny defendant permission to file the motion. Defendant may appeal such a denial and the only assignment of error required is that the trial court ruling is contrary to law. Jurisdiction for such appeal shall be determined by reference to the sentence originally imposed.

Ind. Rules of Procedure, Post–Conviction Rule 2, § 1. (Henceforth PCR 2.)

■ Brown indicates that all three (3) requirements had been met in his situation; the state does not assert otherwise in its brief. Rather, the state argues that PCR 2 does not apply to appeals which challenge the denial of post-conviction relief, but only to direct appeals. However, while the state points to the language of the rule to support its position, it offers no supporting caselaw.

This is not without good reason. Indiana cases indicate that PCR 2 *does* apply to Brown's position. This court and our Supreme Court have applied PCR 2 to challenges to denials of post-conviction relief. In *Zellers v. State* (1979), 271 Ind. 22, 389 N.E.2d 299, our Supreme Court held:

The process provided by Post Conviction Remedy Rule 2, § 1 is available to the criminal defendant for the purpose of seeking an appeal from a denial of post-

conviction relief as well as from a conviction. (Citations omitted.)

*Zellers, supra,* 389 N.E.2d at 300.

Further, in *Campbell, supra,* and *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, the "petitioner [had] filed a petition seeking permission to file a belated motion to correct error directed at the denial of his ... post-conviction relief petition." *Bailey, supra,* at 1131. The Supreme Court did not even address whether PCR 2 was applicable. Instead, that court concentrated its discussion on whether the defendant was responsible for the delay.

Our own court has done the same in *Doughty v. State* (1985), Ind.App., 481 N.E. 2d 437; this assumption was made in *Roarks v. State* (1987), Ind.App., 517 N.E. 2d 794. Earlier, in the words of Judge Garrard, we specifically stated:

The fair construction of *Simmons [v. State* (1974), 262 Ind. 30, 310 N.E.2d 872,] is that *a belated motion to correct errors will be permitted to be addressed to the denial of PCR 1 relief* where, in fact, the defendant demonstrates his diligence in attempting to secure a timely appeal. (Emphasis added.)

*Hendrixson v. State* (1974), 161 Ind App. 434, 436, 316 N.E.2d 451, 452.[1] Thus, as Brown insists, PCR 2 does apply to appeals which challenge the decisions of the post-conviction relief court.

Here, the facts indicate that Brown has exercised diligence from the time that he was notified of the denial of his post-conviction relief petition. Brown was informed of the court's decision on April 13, 1987; his motion to file a belated motion to correct errors was filed on May 9, 1987. Thus, in less than thirty days—less than half of the statutorily allowed 60 days within which to file a motion to correct errors—Brown had filed his petition to file a belated motion to correct errors. Unlike the cases cited above, it cannot be said that Brown did not exercise due diligence.

---

1. Simmons subsequently appealed the court's ruling on the evidentiary hearing held on his belated motion to correct errors; the appeal after remand is found at *Simmons v. State* (1975), 263 Ind. 645, 336 N.E.2d 644.

## II.

### *Evidentiary Hearing*

Brown asserts that he was entitled to an evidentiary hearing on his petition for permission to file a belated motion to correct errors. In *Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104, this court stated:

> However, with a facially sufficient petition and a record which fails to negate at least one of the prerequisites to relief under P.C.R. 2, § 1, an evidentiary hearing must be held to allow the defendant the opportunity to present evidence to support his petition and prove his entitlement to P.C.R. 2 relief by a preponderance of the evidence. *Zellers v. State* [(1977), 266 Ind. 111, 361 N.E.2d 143,] at 144.

*Blackmon, supra,* at 107.

> Our Supreme Court said as much:
>
> However, inasmuch as the petition for permission to file a belated motion stated grounds for relief, an evidentiary hearing should have been had to afford appellant an opportunity to present evidence to support his petition.

*Zellers v. State* (1977), 266 Ind. 111, 361 N.E.2d 143, 144.

Since, as the state concedes, "the Petitioner alleged the three requirements, [and] his petition was facially sufficient," (Appellee's Brief, p. 7), Brown is entitled to an evidentiary hearing on his petition to file a belated motion to correct errors.

Reversed with instructions to allow Brown to file a belated motion to correct errors, for which an evidentiary hearing must be held.

GARRARD and CONOVER, P.JJ., concur.