**Charles JAMES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 62S01–8907–CR–541.

Supreme Court of Indiana.

July 17, 1989.

Susan K. Carpenter, Public Defender, Jane Ruemmele, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for permission to file a belated motion to correct errors. The petition was filed and is governed by Post Conviction Rule 2, Section 2.

James was tried by a jury in absentia and sentenced in absentia on March 4, 1987. He was caught on April 24, 1987, and received by the Department of Correction on April 27, 1987, within sixty days from the date of sentencing, and thus within the sixty-day period granted by Criminal Rule 16 for filing the motion to correct errors. No timely motion to correct errors was filed, but on May 11, 1987, about a week after the sixty day period ran, the public defender received a letter from James requesting assistance. Though no such timely motion was filed, James did file a pro se petition for post-conviction relief on July 6, 1987.

The state public defender filed a petition for permission to file a belated motion to correct errors on April 21, 1988, which the trial court denied without a hearing, finding that he did not show that his failure to timely file such motion was not due to his own fault. The Court of Appeals affirmed. *James v. State* (1989), Ind.App. 534 N.E.2d 1113. We grant transfer.

■ The sentencing of James in absentia was proper. *Williams v. State* (1988), Ind., 526 N.E.2d 1179. However, his voluntary conduct in absenting himself from trial and sentencing does not alone work a forfeiture of the right to appeal. *Evolga v. State* (1988), Ind., 519 N.E.2d 532. Hiding from authorities when the time limit for filing a motion to correct errors expires may work such a forfeiture; however, when a person in appellant's circumstance is returned to custody within the time limit for filing, the failure to appear becomes a factor for the trial court to consider in deciding whether to grant permission to make a filing in a belated fashion. A petitioner's knowledge of his right and the rules regulating it, as well as his condition of confinement, would also be such factors. Other circumstances may bear upon the question as well.

■ Here, the trial court denied appellant's petition for authority to file the belated motion without an evidentiary hearing. In *Zellers v. State* (1977), 266 Ind. 111, 361 N.E.2d 143, we found an allegation that the defendant had requested an

appeal from his lawyer three months before judgment warranted a hearing on a belated motion to correct errors. Here, such request for assistance was received in the mail from the prison within a few days after the time ran. Under these conditions, the record of appellant's failure to appear for trial and sentencing and his arrest sometime before the time limit ran for filing a motion to correct errors do not in and of themselves negate the allegation in the petition for permission to file, nor foreclose the possibility that the failure to file was not his fault. *Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104.

The decree denying the petition for authority to file the belated motion is reversed, and the case is remanded to the trial court with instructions to conduct an evidentiary hearing on the petition and for further consistent proceedings.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., dissents.