William E. PIKE, III, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8903–CR–111.

Court of Appeals of Indiana,
Second District.

July 24, 1990.

Rehearing Denied Aug. 28, 1990.

Susan K. Carpenter, Public Defender, Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

William E. Pike, III appeals the denial of his 1988 Petition for Permission to File a Belated Motion to Correct Errors. The contemplated Motion was to be directed against his 1985 jury conviction for Theft as a class D felony and his sentence of three years, two of which were suspended. The denial ruling was made summarily, without hearing and without a statement of the reasons for the denial.[1]

Upon appeal Pike assumes that the denial was premised upon the court's perception that Pike's attempt to gain relief was a "total misuse" of Post Conviction Rule 2. In a colloquy between the Deputy Public Defender and the court upon a Motion to Correct Errors more than four months after the denial, the court mentioned that Pike only received a one year sentence and that he waited three years and until after he got a conviction on an habitual offender charge to seek to appeal the 1985 conviction. The Deputy Public Defender at that time acknowledged that Pike's conviction and sentence was "a good plea bargain" but that she believed that at the time of sentencing when Pike specifically stated that he did not wish to appeal the judgment and sentencing, "he did not know what an

---

1. It should be noted that a hearing is not required on every Petition and, unlike rulings on P.C. 1 petitions, the court is not required to make findings or conclusion in granting or denying permission to file a Belated Motion to Correct Errors. *See William v. State* (1976) 3d Dist., 168 Ind.App. 107, 341 N.E.2d 524, n. 3 (hearing not required), and *Dean v. State* (1982) Ind., 433 N.E.2d 1172 (findings and conclusions

appeal of the process or anything was." [2] Record at 63.

Pike seeks reversal claiming that the court erred in making its ruling without conducting a hearing because the matters of fault on the part of defendant for the failure to file a timely Motion to Correct Errors and due diligence in requesting belated relief are in this case fact sensitive. It may be noted that in similar circumstances our Supreme Court and this court have held that a Petition for Permission to File a Belated Motion to Correct Errors may be properly denied where at sentencing the defendant was fully advised of his right to an appeal and failed to timely assert that right. *Clark v. State* (1987) Ind., 506 N.E.2d 819; *Whitmire v. State* (1986) Ind., 498 N.E.2d 380; *Hays v. State* (1989) 1st Dist. Ind.App., 534 N.E.2d 1111, *trans. denied. But see James v. State* (1989) Ind., 541 N.E.2d 264 (evidentiary hearing required where defendant had been tried, convicted and sentenced in absentia but was in custody before time for appeal expired and sought relief within a few days after time expired); *Blackmon v. State* (1983) 2d Dist. Ind.App., 450 N.E.2d 104 (advisement of right to appeal *sentence* as opposed to the conviction does not permit summary denial without an evidentiary hearing).

Failure of the court in this case to conduct an evidentiary hearing does not entitle Pike to a reversal. Post Conviction Rule 2 sets forth the conditions which must be met in order to justify filing a Petition for Permission to File a Belated Motion to Correct Errors (now a Belated Praecipe). It does not specify what allegations must be contained in the Petition. Quite clearly the Petition should contain allegations that the three conditions are present:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

*See Zellers v. State* (1977) 266 Ind. 111, 361 N.E.2d 143.

■ In addition, however, the Petition should allege that the petition has some colorable claim for relief from the conviction sought to be appealed and that the allegation or allegations should be somewhat specific and reflect arguable merit in light of applicable law.

■ In so stating we do not undermine the Rule itself and existing case law which holds that in determining whether to permit the filing of a belated motion, the trial court should not consider the merits of the proposed Motion to Correct Errors. *See Brown v. State* (1989) 3d Dist. Ind.App., 536 N.E.2d 549. The Petition filed here contained no allegation which related to a trial error or an error in sentencing.

It is well established that post-conviction proceedings are civil in nature. *Smith v. State* (1987) Ind., 516 N.E.2d 1055, *cert. denied* 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 347. It is also established that stringent pleading burdens have been placed upon those who seek post-conviction relief. *White v. State* (1986) Ind., 497 N.E.2d 893; *Patton v. State* (1987) 2d Dist. Ind.App., 507 N.E.2d 624.

Our decision today is not unlike those cases which require an allegation of a meritorious defense before a defendant may overturn a trial court's refusal to set aside a default judgment. *See Cantwell v. Cantwell* (1957) 237 Ind. 168, 143 N.E.2d 275, *appeal dismissed, cert. denied* 356 U.S. 225, 78 S.Ct. 700, 2 L.Ed.2d 712; *Sanders v. Kerwin* (1980) 1st Dist. Ind. App., 413 N.E.2d 668.[3]

---

not required), *supplemental opinion upon unrelated issue,* 441 N.E.2d 457.

**2.** It is apparent that the references by the Public Defender and by the court to a "plea bargain" were inadvertent and were descriptive of the

relatively lenient sentence rather than to a guilty plea.

**3.** It must be noted that the meritorious defense requirement may be met by an allegation not strictly related to the merits of the plaintiff's

It could be argued that by imposing a pleading requirement retroactively in this case we are acting unjustly. *But see White v. State, supra,* and *Patton, supra.*

In any event, it must be kept in mind that upon appeal, the appellant-petitioner must show that the ruling was prejudicial. As noted, neither the petition nor the record before us reflect such prejudice nor has Pike made any such argument upon appeal.

It is not enough to allege that the conviction sought to be appealed has resulted in unforeseen consequences, i.e., an habitual offender determination and a sentence enhancement of a subsequent felony conviction. Such may well be the *reason* why the attack was not made earlier and might bear upon the presence or absence of diligence (*see Campbell v. State* (1985) Ind., 483 N.E.2d 66) but it does not serve as a basis for permitting the filing of the belated motion.

In an unrelated but analogous context we have often held that one who pleads guilty need not be advised that the conviction might have adverse but future collateral consequences. *See Arnold v. State* (1989) 2d Dist. Ind.App., 539 N.E.2d 969, *trans. denied,* and cases cited therein. Such holdings are unquestionably premised upon the rationale that the immediate conviction is the lone concern and future or contemplated but uncertain consequences need not be considered or made subject of discussion or advisement. Such considerations are irrelevant to the validity, *vel non* of the particular conviction in dispute.

Similarly, subsequent negative consequences of an earlier conviction do not undermine that conviction. Accordingly, we hold that the allegation of the use of the 1985 theft conviction as a predicate for habitual status is of no moment with respect to the demonstration of prejudice as a result of the court's ruling here.

claim. A lack of jurisdiction in the defaulting court may also give rise to setting aside the judgment. *Peralta v. Heights Medical Center, Inc.* (1987) 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75.

Having failed to allege or argue that he has some colorable claim of error in the theft conviction, Pike has failed to show that the denial of permission to file a belated motion to correct errors resulted in prejudice.

Accordingly we affirm the judgment.

SHIELDS, P.J., and BAKER, J., concur.