Benjamin P. **WOODY**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 05S00–8903–PC–220.

Supreme Court of Indiana.

Nov. 26, 1990.

Benjamin P. Woody, Pendleton, pro se.

Richard Ranucci, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In September of 1976, appellant entered a plea of guilty to two counts of Second Degree Murder for which he received two life sentences. Subsequently appellant filed this petition for post-conviction relief.

After some delays and a change of judge, a hearing was held on November 23, 1987, and the petition was denied. Appellant's counsel sent him the following letter:

> "Enclosed please find a copy of the Court's Decree denying your petition for post-conviction relief. I sincerely wish I had better news for you, and it saddens me to have to forward this on. You have waited long and fought hard for a disappointing result. If you have any questions or need anything further, please do not hesitate to drop me a line."

However, appellant's counsel did not file a motion to correct error. Appellant did not learn of this fact until after the time had expired. On February 17, 1988, appellant filed a *pro se* petition for permission to file a belated motion to correct error. The trial court denied this petition without hearing.

■ Appellant takes the position that the letter from his attorney following the denial of his petition for post-conviction relief did not lead him to believe that counsel would not file a motion to correct error. He stated that he had understood from her at the time of the hearing that if they did not prevail an appeal would be taken.

The State takes the position that the content of the letter was sufficient to alert appellant that his counsel anticipated no further action and that he would either have to contact her or take action himself if he wished to have an appeal. We cannot agree with the State in this interpretation of counsel's letter. Although counsel did invite him to drop her a line if he needed anything further, this hardly can be interpreted to convey to appellant that no motion to correct error would be filed.

We believe the trial court erred in denying appellant's petition for permission to file a belated motion to correct error without a hearing. The State is correct in its observation that a hearing is not required on a petition if neither it nor the record shows that the petitioner is entitled to relief, citing *Adams v. State* (1979), 270 Ind. 406, 386 N.E.2d 657; *Zellers v. State* (1977), 266 Ind. 111, 361 N.E.2d 143; and *Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104. However, in the case at bar, we feel the opposite situation exists. In a similar situation, this Court remanded a case and ordered a hearing on the belated motion to correct error. *James v. State* (1989), Ind., 541 N.E.2d 264.

This case is remanded to the trial court with instructions to conduct an evidentiary hearing on the petition and for further consistent proceedings.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.