I would leave the law as it is and deny transfer in this case.

**William E. PIKE, III, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S02–9104–PC–295.**

Supreme Court of Indiana.

April 11, 1991.

Susan K. Carpenter, Public Defender, Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

William E. Pike, III, brought an appeal from the judgment of the Marion Municipal Court denying his Petition for Permission to File a Belated Motion to Correct Errors, which post-conviction petition had been filed in the trial court pursuant to Ind. Post–Conviction Rule 2. The Court of Appeals affirmed the judgment in *Pike v. State* (1990), Ind.App., 557 N.E.2d 1. Ap-

pellant seeks transfer. Transfer is granted.

The record of proceedings shows that in January 1985, appellant was tried by jury on a charge of theft, was convicted, and received a sentence of three years, with two years thereof suspended. Appellant, with the aid of the State Public Defender, filed his post-conviction petition in July 1988, seeking the trial court's permission to file a belated motion to correct errors, an evidentiary hearing on the petition, the preparation of the trial transcript, and the grant of sixty days after receipt of the transcript in which to file the belated motion to correct errors. Two weeks later, without response from the State, the trial court entered a judgment denying the petition without stating any grounds or conducting a hearing. This is an appeal from that judgment.

█ Appellant's petition was governed by Post–Conviction Rule 2. That rule was amended after this judgment by adding a provision recognizing a means for seeking court permission to file a belated praecipe for the record. This amendment did not alter the most basic burdens of the defendant bringing a petition under the rule. The premise of the rule continues to be that there are circumstances in which it is equitable and just for a court to permit an appeal in a criminal case to go forward, though it had not been taken in a timely manner in accordance with governing court rules. Such equitable and just circumstances exist and such permission to go forward should be granted where, in the parlance of the rule, the defendant alleges and sustains the burden of proving (1) that the failure to take required procedural steps to exercise the right of appeal was not due to the fault of the defendant and (2) that the defendant has been diligent in requesting the court's permission to proceed. *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756. Such circumstances are sufficient to warrant the grant of a petition such as this, and there is no further requirement at this stage of the post-conviction proceeding that the defendant allege colorable claims of error in the proceedings leading to the conviction. *Gallagher v. State* (1980), 274 Ind. 235, 410 N.E.2d 1290.

█ Here, the petition alleged facts which if literally true would warrant post-conviction relief in the form of permission to file a belated praecipe and belated motion to correct errors. Appellant alleged that he did state to the trial court at the time of sentencing that he did not want an appeal, but that the judge's advice on the subject was so terse and his own education so limited, that when he did so state, it was in ignorance of what that might mean and totally in conformance with his attorney's instruction. He also alleged that within a year of his sentence he learned what the right to appeal was, took action to commence a post-conviction process by contacting the court, and continued with such efforts until they culminated in the filing of this petition in 1988. While appellant may not be able to persuade the judge as trier of fact of the truth of these assertions and that they have that weight warranting a finding of his freedom from fault and the exercise of diligence, thus warranting a judgment granting permission to commence a belated appeal, he is entitled to that opportunity. *James v. State* (1989), Ind., 541 N.E.2d 264; *Zellers v. State* (1977), 266 Ind. 111, 361 N.E.2d 143.

The judgment of the trial court is reversed and the cause remanded for a hearing on the petition or for further proceedings consistent with this opinion.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.